Terrel GORDON *v.* Gordon L. CUMMINGS et al

77-169                                        561 S.W. 2d 285

Opinion delivered February 6, 1978
(Division I)
[Rehearing denied March 13, 1978.]

*Thurman, Everett & Whitlock,* by: *John C. Everett,* for appellant.

*Marshall N. Carlisle,* of *Murphy & Carlisle,* for appellee Gordon L. Cummings and *John W. Bailey,* for appellees Karen Jones, Director, and Kenneth Davis, et al, members of Alcoholic Beverage Control Board.

GEORGE HOWARD, JR., Justice. The parties to this appeal have invoked the jurisdiction of this Court to have determined the propriety of the Department of Alcoholic Beverage Control Board, a state agency, in granting a license to Gordon C. Cummings to sell vinous, spiritous and malt liquor at a location in Fayetteville, Washington County, Arkansas.

The appellant, who is the opponent to the issuance of the license, has raised a number of issues in this appeal, contending:

1. The court erred in dismissing the petition with respect to the petitioners, Harold Burch and Hugh Shackelford.

2. The court erred in denying the petitioner the right to a trial by jury.

3. The court erred in admitting evidence regarding the circulation figures for the Prairie Grove Enterprise Newspaper.

4. The court erred in its finding that the notice of the application for a retail liquor permit was published in a newspaper of general circulation in Fayetteville, Arkansas.

5. The court erred in its finding that the retail liquor permit in issue was not barred as being situated too close to a school and school property.

6. The court erred in its ruling that the testimony of the appellant's witness, Harry Vandergriff, and the minutes of the Board of Directors meeting of the City of Fayetteville were inadmissible for the reason that the evidence was outside the record of the Alcoholic Beverage Control Board.

7. The court erred in its finding that the appellant had failed to meet his burden of proof on the issue of a third party, who was interested in another retail liquor permit, being also interested in the retail liquor permit at issue.

After carefully reviewing the record in this action, we are convinced that the judgment of the Washington County Circuit Court should be reversed and the cause remanded through the circuit court to the Alcoholic Beverage Control Board for further proceedings consistent with this opinion. This determination is based upon the Board's failure to make explicit and concise findings of fact and conclusions of law separately stated in an order involving the Board's action on the application for the liquor permit.

We made it crystal clear in *First State Building and Loan Association, Mountain Home, Arkansas* v. *Arkansas Savings and Loan Board,* 257 Ark. 599, 518 S.W. 2d 507, that the threshold question in a case brought to court from administrative agencies is:

> *'Has the agency followed the dictates of Ark. Stat. Ann. § 5-710, by providing concise and explicit findings of fact and conclusions of law separately stated in its Order.'* (Emphasis supplied)

We further specified in *First State Building and Loan Association, Mountain Home, Arkansas* v. *Arkansas Savings and Loan Board,* supra, the positive benefits flowing from explicit and concise findings of fact in administrative agency orders as:

1. Facilitating judicial review; and,
2. Avoiding judicial usurpation of administrative functions; and,

3. Assuring more careful and administrative consideration; and,
4. Aiding parties planning for rehearings and judicial reviews; and,
5. Keeping agencies within their jurisdiction.

In this case, the Board made no formal order regarding its decision. The record reflects a notation on the face of the application "granted", which was dated and signed by the director. Consequently, it was incumbent upon the circuit court to make explicit findings of fact and conclusions of law. Thus, the circuit court usurped administrative functions. The circuit court's area of responsibility, under the law, consisted of determining if the holding of the Board was supported by substantial evidence. Neither the circuit court, nor this Court, from the record, can determine what specific facts the Board relied upon in granting the application. Indeed, we can not assume and indulge in a flight of speculation and imagination in order to fill the vacuum contained in this record.

The application for the liquor permit was vigorously opposed by the officials of the City of Fayetteville, the President of the University of Arkansas at Fayetteville, by appellant who submitted a petition containing numerous names, the Fayetteville School Board, and the Washington County Sheriff and Prosecuting Attorney, who subsequently withdrew their opposition. Moreover, there was a question raised concerning the distance of the proposed liquor outlet from a junior high school and the validity of the publication of notice of the application for the liquor permit in a newspaper located in another town with a weekly circulation in the City of Fayetteville, with a population of 31,915 inhabitants, of 159 copies. The record is completely silent as to the findings of the Board regarding these hotly contested issues.

It is well settled that administrative agencies are better equipped than courts, by specialization, insight through experience and more flexible procedures to determine and analyze underlying legal issues; and this may be especially true where such issues may be wrought up in a contest between opposing forces in a highly charged atmosphere. This recognition has been asserted, as perhaps, the principal

basis for the limited scope of judicial review of administrative action and the refusal of the court to substitute its judgment and discretion for that of the administrative agency. *See:* 1 Am. Jur. 2d, Administrative Law, Section 17, p. 821.

The circuit court found that the appellant in contesting the action of the Board in granting the liquor license had elected not to seek review of the Board's action under the Administrative Procedures Act, Ark. Stat. Ann., Section 5-701 through 715. In *Arkansas Savings and Loan Board et al v. Central Arkansas Savings and Loan,* 256 Ark. 846, 510 S.W. 2d 872 (1974), we held that the requirements of Ark. Stat. Ann. § 5-710 are primarily for the benefit of the review court and can not be waived by the parties. *See also: First State Building and Loan Association, Mountain Home, Arkansas* v. *Arkansas Savings and Loan Board,* supra.

Concluding, as we must, that the Board made no findings of fact and conclusions of law, we do not reach the questions tendered by the parties in this appeal. Accordingly, the judgment is reversed and the case is remanded.

Reversed and remanded.

We agree. HARRIS, CJ., and GEORGE ROSE SMITH and HICKMAN, JJ.