CITIZENS BANK, Beebe, Arkansas *v.*
ARKANSAS STATE BANKING BOARD,
ARKANSAS STATE BANKING
COMMISSIONER, and FIRST STATE
BANK, Beebe, Arkansas

80-221                                       610 S.W. 2d 257
Supreme Court of Arkansas
Opinion delivered January 19, 1981

704

*House, Holmes & Jewell, P.A.*, by: *Philip E. Dixon* and *William David Duke*, for appellant.

*Charles D. Matthews, P.A.*, by: *Charles D. Matthews*, for appellees.

JOHN I. PURTLE, Justice. The Circuit Court of White County affirmed the action of the Arkansas State Banking Board and State Banking Commissioner in granting a charter to the First State Bank of Beebe. Citizens Bank of Beebe intervened and brings this appeal.

On appeal appellant relies upon three points: (1) the court erred in affirming the Bank Board's decision because the Board members voted before formal findings of fact and conclusions of law had been adopted; (2) the court erred in refusing to consider voluntary responses by members of the Board to interrogatories propounded to them after the charter had been approved; and, (3) the court erred in affirming the Bank Board's decision because there was not sufficient evidence to support the decision.

The facts of this case reveal that the proposed First State Bank of Beebe made application for a bank charter on March 6, 1979. The existing bank in Beebe, Citizens Bank, filed a timely protest to the application. On June 6, 1979, a hearing was held on the application before the Commissioner and the Banking Board. A copy of the application and the supporting materials had been furnished to each Board member and the protesting bank several weeks in advance of the hearing. The hearing was scheduled to last two days; however, it was concluded at the end of the first day. The Board, by a three to

two vote, approved the charter. The findings of fact and conclusions of law had not been formulated at that time. Appellant's attorney did not accept an invitation to participate in preparing the findings of fact and conclusions of law. The findings of fact and conclusions of law were finally approved by the Board at its regular scheduled meeting on July 17, 1979. Appellant's attorney objected to the approval of the findings of fact and conclusions of law. Appellant insisted that the findings of fact and conclusions of law should be reduced to writing before the Board acted on the application for the charter.

The petition for a judicial review was filed on August 16, 1979. Subsequent to the approval of the charter by the Board, the appellant sent written interrogatories to the Board members. The appellant argued before the court that the findings of fact and conclusions of law were not properly adopted by the Board and that such findings should have been made before the charter was granted. Also, the appellant attempted to introduce into the record the replies to the interrogatories submitted and replied to by the members of the Commission. At the hearing First State Bank and the State Bank Board objected to the interrogatories, and the circuit court refused to consider them.

We first consider appellant's argument the court erred in affirming the decision of the Board and Commissioner because the decision to grant the charter was made without the aid of formal findings of fact and conclusions of law. Appellant insists that the findings and conclusions are a prerequisite to a decision. There are two statutes and one regulation which appear to control this argument, and they are set out below:

> Ark. Stat. Ann. § 5-710 (b) (Repl. 1976): In every case of adjudication, a final decision or order shall be in writing or stated in the record. A final decision shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. If, in accordance with agency rules, a party

submitted proposed findings of fact, the decision shall include a ruling upon each proposed finding. Parties shall be served either personally or by mail with a copy of any decision or order.

Ark. Stat. Ann. § 67-207 (g) (Repl. 1980): At or after a hearing before it, the State Banking Board shall render its decision in writing, which decision shall include the Board's findings of fact and conclusions of law. If the application is approved by the Board, the Bank Commissioner may, in the event that he also shall approve the application, grant the relief sought.

Arkansas Bank Department Manual, Regulation 28: Findings of Fact; Conclusions of Law and Decision. After the Board members reach a decision on a contested application they will execute in written form their Findings of Fact, Conclusions of Law and Decision, a signed copy of which (accompanied by the Bank Commissioner's written concurrence or dissent) will be mailed to each person, firm, corporation or group (or to representatives of any group) which actively appeared and participated in the hearing. . . . As a rule, the attorneys appearing in the matter will be asked to prepare these findings, etc. See Sec. 67-207(g), 1973 Supp.

From reading the above regulation and statutes it appears that two of them specifically authorized the findings of fact and conclusions of law to be formulated after the decision is made. The other statute is silent on this point. Therefore, we give the expressed words their ordinary meaning and in doing so necessarily imply that Ark. Stat. Ann. § 5-710(b) also permits the findings of fact and conclusions of law to be adopted after the decision is reached. Even if we were to agree with the appellant's argument that the findings of fact and conclusions of law must be in existence prior to the approval of the charter, we think the Board did exactly that in its meeting of July 17, 1979. At the meeting of July 17, 1979, a motion was made and seconded that the order approving the application for the charter of the First State Bank of Beebe, the findings of fact and conclusions of law, which

had been reduced to writing, be adopted. The motion was approved without dissent.

We agree with appellant that the Administrative Procedure Act requires a full compliance with the law, but we think that full compliance was had in this particular case. We do not find appellant's argument regarding the procedure followed concerning the findings of fact and conclusions of law to be persuasive. It is the common practice in most trial courts to require the participating attorneys to prepare an order which will be entered at a later date although the court announces its decision at the conclusion of the trial. We find the Commission was in full compliance with the requirements of the law and regulations of the Bank Department.

We recently decided the case of *Bank of Waldron* v. *Scott County National Bank, et al*, 267 Ark. 407, 590 S.W. 2d 654 (1979), which is almost squarely on point with the present case. In *Bank of Waldron* the evidence presented had been furnished to the interested parties several weeks in advance. The case had been set for a two day hearing but ended at the close of the first day. A vote was taken at the end of the hearing and by a vote of three to two a charter was granted to the Bank of Waldron. The factual situation is so similar to the present one that we think that case is controlling. In affirming the decision in *Bank of Waldron* we stated:

> ... Here the evidence presented at the hearing including various economic reports and the oral testimony, does not appear to be of a highly technical or complex nature in view of the experience and expertise of the members of the Board. Although the decision to approve the application was made immediately following the presentation of the evidence, we cannot say that it is demonstrated the Board failed to adequately consider the evidence. Accordingly, we hold the Board's decision was not arbitrary and capricious, did not deprive the appellant of due process, was not an abuse of discretion, nor was it in violation of Ark. Stat. Ann. § 67-303.1 (Supp. 1979), which only requires "consideration" of certain factors by the Board.

We further quoted 2 Am. Jur. 2d, Administrative Law, §
439, in *Bank of Waldron* v. *Scott County National Bank, et al*,
supra:

> The extent to which an independent study of the
> evidence in the record is necessary to the required exer-
> cise of informed judgment must be left to the wisdom
> and practical good sense of the agency.

We also held in *Arkansas Savings & Loan Association Board*
v. *Central Arkansas Savings & Loan Association*, 256 Ark. 846,
510 S.W. 2d 872 (1974), that the requirement for the underly-
ing facts to be concisely and explicitly stated was primarily
for the benefit of the reviewing court. Both the Savings and
Loan Board and the Banking Board proceedings are con-
trolled by the Administrative Procedure Act which is Ark.
Stat. Ann. § 5-701, et seq. (Repl. 1976). Considering the fact
that the Banking Board adopted findings of fact and con-
clusions of law at the same time they finally approved the
application for the new bank, we do not find any error
relating to the first argument advanced by the appellant.

The second point argued by the appellant relates to cer-
tain interrogatories propounded to the members of the Board
after the decision to grant the charter had initially been an-
nounced. Appellant does not cite any Arkansas precedent in
support of this contention. We know of no authority which
would allow this particular procedure to be followed. In any
event, the trial court found the answers to be inadmissible at
the hearing of the case on its merits. Finding no authority for
the submission of the interrogatories and further finding no
abuse of discretion on the part of the trial court in reviewing
the interrogatories, we hold that it was not error to prevent
the admission of the interrogatories.

Appellant's third and final argument for reversal is that
the decision was not supported by substantial evidence. We
think the application of Ark. Stat. Ann. § 67-303.1 (Repl.
1980) and Ark. Stat. Ann. § 5-713 (h) (Repl. 1976) controls
this argument. The record clearly shows that the findings of
fact and conclusions of law are adequately supported by the
evidence. We deem it unnecessary to set out the lengthy find-

ings of fact and conclusions of law in support of this opinion. After considering the requirements of the last two statutes quoted, we find the State Banking Board was obviously justified in the action taken in this particular case. We held in *Arkansas Savings & Loan Association Board and Security Savings & Loan Association* v. *Central Arkansas Savings & Loan Association*, 260 Ark. 58, 538 S.W. 2d 505 (1976), that upon judicial review of an administrative decision the proper rule to employ was substantial evidence. We also declared that the substantial evidence rule in this type of case required a review of the entire record and not merely a review of the evidence supporting the administrative findings. It is a well-settled rule that this court relies upon the findings of fact and conclusions of law by administrative agencies because they are better equipped by specialization, insight, and through experience to determine and analyze the legal issues. *Terrel Gordon* v. *Gordon L. Cummings, et al*, 262 Ark. 737, 561 S.W. 2d 285 (1978).

Affirmed.

HICKMAN, J., not participating.