Jimmy Fredrick SNYDER *v.* ALCOHOLIC
BEVERAGE CONTROL BOARD

CA 80-447                                    613 S.W. 2d 126

Court of Appeals of Arkansas
Opinion delivered March 25, 1981

*David F. Guthrie*, for appellant.

*Donald R. Bennett*, for appellee.

JAMES R. COOPER, Judge. This is an appeal from a decision of the Pulaski Circuit Court affirming a decision by the Alcoholic Beverage Control Board denying a retail liquor permit to appellant. Appellant filed his petition for review in the Circuit Court of Pulaski County under Ark. Stat. Ann. § 5-713 (Supp. 1979).

Based on certain findings, the Board found that it would not be to the convenience and advantage of the public to issue the permit applied for by appellant. Under Ark. Stat. Ann. § 48-301 (Repl. 1977) the Alcoholic Beverage Control Board is charged with the responsibility of restricting the number of permits in this state to dispense liquor. It is required to determine whether the public convenience and advantage will be promoted by the issuance of permits by increasing or decreasing the number thereof. Appellant argues that the decision of the Board, affirmed by the trial court, was not supported by substantial evidence and was arbitrary, capricious and an abuse of discretion.

Ark. Stat. Ann. § 5-713 (Supp. 1979) provides in pertinent part:

(H) The court may affirm the decision of the agency or remand the cause for further proceedings. It may reverse or modify the decision if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) in violation of constitutional or statutory provisions;

(2) in excess of the agency's statutory authority;

(3) made upon unlawful procedures;

(4) affected by other error or law;

(5) not supported by substantial evidence of record;

or

(6) arbitrary, capricious, or characterized by abuse of discretion.

Upon judicial review of administrative decisions, we must review the entire record and determine whether there is substantial evidence to support the administrative findings. *Citizens Bank* v. *Ark. State Banking Board*, 271 Ark. 703, 610 S.W. 2d 257 (1981).

The Board's findings are:

1.  That there is no evidence contained within the record to reflect that applicant Jimmy Fredrick Snyder is not legally and morally qualified to hold the applied for permit.

2.  That there is evidence contained within the record that the premises sought to be permitted is not suitable at present for sale of retail liquor and would have to undergo significant adaptation;

3.  That there is evidence contained within the record that there are significant numbers of residents in the area who both oppose and recommend the granting of the applied for permit;

4.  That the Chief of Police of the Camden Police Department has registered written objection of the permit;

5.  That Lieutenant Paladino of the Camden Police Department did appear at said hearing and state that the area in which the sought to be permitted premises are located is one of considerable trouble to the Camden Police and that the immediate area is well saturated with retail beer outlets at the present time;

6.  That the building sought to be permitted is immediately across the street from where significant numbers of children play.

It does not appear that the first finding of fact would have any bearing on the denial of the application since it found no evidence to indicate that Mr. Snyder was not morally and legally fit to possess the permit. Finding number 3 is not particularly relevant as to whether or not the public convenience and advantage would be served by the issuance of this permit, since any application for a beer or liquor permit would be certain to create both opposition and support. Finding number 4 related to the fact that chief of police objected to the permit is of some significance. The testimony indicated that the chief of police believed that there were enough permits in the Camden area and that he would more than likely oppose any additional permits. This specific application was the one before the Board and whether or not it should have been issued should have been determined based on the evidence related to public convenience or advantage. Support or opposition by law enforcement officials may be based on their beliefs as to public convenience or advantage, but the Board must make its own determination on this issue based on evidence presented to it. Finding number 5 related to the fact that Lieutenant Paladino of the Camden Police Department indicated that the area was one of considerable trouble and that the area was well saturated with retail beer outlets. This finding is totally irrelevant, since the application was not for a beer outlet but for a retail liquor outlet. In fact, appellant already possessed a retail beer permit.

This leaves for consideration findings 2 and 6. Finding number 2 indicated that the premises were not suitable at present and would have to undergo significant alterations. The evidence indicates that the present operation consisted of a grocery store, gas station, and retail beer outlet. Appellant indicated that he intended to dispose of the grocery operation as well as the gasoline operation to make room for the retail liquor outlet if it was approved. Virtually any existing business which sought to change to a retail liquor outlet would require some modifications, if only the addition of shelving and other items to make the operation more convenient for customers. We cannot see how this finding relates to the public convenience and advantage.

Finding number 6 related to the fact that the building was immediately across the street from an area where significant numbers of children played. This finding could relate directly to the public convenience and advantage in the issuance of this permit. The evidence in this case does not show how the issuance of a retail liquor permit would be more detrimental to the children who played across the street than was the existence of the retail beer permit at the same location.

We recognize that the legislature intended that the number of permits in the State of Arkansas should be limited, and that permits should be issued or revoked based on the public convenience and advantage. To carry out the legislative intent and the requirements of the statute the Board must look at factors which directly weigh on the public convenience and advantage.

There is no evidence in this case to indicate that the public would be inconvenienced or would be placed at a disadvantage by the issuance of this permit. In fact, the Board seems to have based its decision primarily upon the fact that there was oppositon from a significant number of persons, including the chief of police and a lieutenant on the police department of the city of Camden. The number or official position of persons who object or support the issuance of retail liquor permits is of no significance under the statute. The reasons those persons oppose or support specific permit applications may be very significant. The reasons may clearly show whether the public convenience or advantage will be served.

In this case the Board's findings are not related to the public convenience or disadvantage and its decision is not supported by substantial evidence. Therefore, the case is reversed and remanded with directions to return the case to the Alcoholic Beverage Control Board for proper action consistent with this opinion.

Reversed and remanded.