Burnes C. STRINGFELLOW *v.* ALCOHOLIC
BEVERAGE CONTROL BOARD, State of Arkansas

CA 81-120                                   623 S.W. 2d 213

Court of Appeals of Arkansas
Opinion delivered October 28, 1981

*Ralph M. Patterson, Jr.,* for appellant.

*Donald R. Bennett,* for appellee.

DONALD L. CORBIN, Judge. Appellant, Burnes C. String-fellow, filed an application with the Alcoholic Beverage Control Board for a retail liquor and beer off-premises permit. He had applied for permits to operate a package liquor store in the community of Gravel Ridge, North Pulaski County, Arkansas. A director's decision denying the applied for permits was upheld by the full Board. Appellant appealed this decision to the Pulaski County Circuit Court, Fourth Division, which held that the record contained substantial evidence upon which to base the finding of the Alcoholic Beverage Control Board and no substantial rights of the appellant had been prejudiced. We affirm.

For reversal, appellant contends that the circuit court erred in finding substantial evidence in the record of the proceedings of the Alcoholic Beverage Control Board to support its denial of the applied-for permits.

The board in denying issuance of permits to appellant, made the following findings of fact:

1. That there is contained within the file petitions received bearing the names of 390 persons in opposition to the application and petitions received bearing the names of 500 persons in support of the application.

2. That 17 residents of the Gravel Ridge area appeared

at the hearing and voiced opposition to the granting of the permits.

3. That there is traffic congestion in the area which could be adversely affected by the granting of the permits.

Ark. Stat. Ann. § 48-301 (Repl. 1977) provides in pertinent part as follows:

(a) it is hereby declared to be the public policy of the State that the number of permits in this State to dispense vinous (except wines), spirituous or malt liquor shall be restricted, and the Director of Alcoholic Beverage Control is hereby empowered to determine whether public convenience and advantage will be promoted by issuing such permits, by increasing or decreasing the number thereof; . . . .

In *Citizens Bank v. Arkansas State Banking Board,* 271 Ark. 703, 610 S.W. 2d 257 (1981), the Arkansas Supreme Court stated the following regarding judicial review under the Administrative Procedure Act:

We held in *Arkansas Savings & Loan Association Board and Security Savings & Loan Association* v. *Central Arkansas Savings & Loan Association,* 260 Ark. 58, 538 S.W. 2d 505 (1976), that upon judicial review of an administrative decision the proper rule to employ was substantial evidence. We also declared that the substantial evidence rule in this type of case required a review of the entire record and not merely a review of the evidence supporting the administrative findings. It is a well-settled rule that this court relies upon the findings of fact and conclusions of law by administrative agencies because they are better equipped by specialization, insight, and through experience to determine and analyze the legal issues.

Appellant argues that the petitions containing 500 signatures in support of the liquor store application and petitions containing 390 signatures in opposition of the

application, together with the appearance of seventeen interested citizens at the hearing, were insufficient to conclude that the granting of the permits would not be to the convenience and advantage of the public. We agree.

In *Snyder* v. *Alcoholic Beverage Control Board,* 1 Ark. App. 92, 613 S.W. 2d 126 (1981), we recognized that mere numbers of persons being either for or against the issuance of retail liquor permits is of no significance under § 48-301 (a).

Appellant further contends that the Board's finding that traffic congestion could be adversely affected by granting such permits was not founded upon substantial evidence in the record of the proceedings before the Board. Ark. Stat. Ann. § 48-1314 provides, among other things, that during a hearing the Alcoholic Beverage Control Board "shall not be bound by the legal rules of evidence in hearing said appeals and in making its determination." This same principle is restated in Ark. Stat. Ann. § 5-709 (d) (Repl. 1976), the codification of the Administrative Procedure Act. That section provides, with certain exceptions, that any evidence may be received by the hearing agency if it is the type commonly relied upon by reasonably prudent men in the conduct of their affairs.

The testimony of various citizens regarding the traffic hazards that would be created by the addition of a liquor store in the vicinity, was evidence that was properly submitted to the Board for its determination. The essence of the testimony of C. L. Phillips and Mr. Burchfield consisted of statements that the operation of the liquor store would pose a hazard to traffic which already existed in the area. No cross-examination or rebuttal testimony was presented to question the traffic count figures as introduced by Mr. Phillips, nor was there any rebuttal that school buses used the immediate area three times in the morning and three times in the afternoon for school bus stops.

The Board's finding on this last point is directly related to the public convenience and advantage and is supported by substantial evidence. *Citizens Bank* v. *Arkansas State Bank-*

*ing Board, supra.* Additionally, we find no evidence that the substantive rights of the appellant were prejudiced by the actions of the Alcoholic Beverage Control Board.

Affirmed.

COOPER, GLAZE and CLONINGER, JJ., dissent.

JAMES R. COOPER, Judge, dissenting. I am unable to agree with the decision reached by the majority in this case for essentially the same reasons as were expressed by this Court in *Snyder* v. *Alcoholic Beverage Control Board,* 1 Ark. App. 92, 613 S.W. 2d 126 (1981). In *Snyder,* we pointed out that under Ark. Stat. Ann. § 48-301 (Repl. 1977), the Alcoholic Beverage Control Board is charged with the responsibility of restricting the number of permits in this *State to dispense liquor. We further pointed out that the* Board is required to determine whether public convenience and advantage will be promoted by the issuance of permits by increasing or decreasing the number thereof. I am unable to agree that the Board has followed its duty as required by the statute cited above, and I believe that its decision, affirmed by the trial court, was not supported by substantial evidence and was arbitrary, capricious and an abuse of discretion.

Just as in *Snyder,* the Director based his decision on the fact that there was opposition by area residents to the application. The Board based its decision on the following:

1. That there is contained within the file petitions received bearing the names of 390 persons in opposition to the application and petitions received bearing the names of 500 persons in support of the application.

2. That 17 residents of the Gravel Ridge area appeared at the hearing and voiced opposition to the granting of the permits.

3. That there is traffic congestion in the area which would be adversely affected by the granting of the permits.

It is concluded from the above and foregoing findings that it would not be to the convenience and advantage of the public to issue the applied for permits.

It is obvious to me that the first two findings of the Board are improper as a basis for denial of the permit under our holding in *Snyder* and therefore the only finding by the Board which could support its decision is the third one. Upon judicial review of administrative decisions we must review the entire record and determine whether there is substantial evidence to support the administrative findings. *Citizens Bank* v. *Arkansas State Banking Board*, 271 Ark. 703, 610 S.W. 2d 257 (1981).

As to the evidence which relates to the Board's third finding, I first note the report of the Department of Public Safety ABC Enforcement Division, which noted that there was no traffic hazard related to the premises. At the hearing, Mr. C. L. Phillips, appearing in opposition to the permit, testified as to the number of families in the area and the number of homes in subdivisions near the proposed location. He further testified about the condition of the roads through the area and apparently testified about traffic in the area. He testified about the traffic flow in the general vicinity and that the roads were narrow and in poor condition. He further testified that he believed the area had a high crime rate but there was no evidence submitted to support this allegation. He further testified about bus stops and stated that "we feel that it would not be a practical thing with traffic coming and going with children getting on and off the buses." A Mr. Curtis Birchfield testified that he objected to the permit application on the following grounds:

> . . . Nuisance. It is a nuisance and besides there is too much traffic and it would be a nuisance to the carwash and it would just be a regular honky tonk out there. . . .

This is the only evidence in the record which relates to traffic and it is obvious from a review that no one testified even as to their belief that the liquor store would increase traffic and cause a hazard in the community. Further there was no evidence introduced which showed that the proposed

130

entrances and exits to the store would cause a hazard to anyone in the community. In fact, the Board did not even find that granting the permit would cause a traffic problem but merely found that it "could" cause a traffic problem in the area.

I realize that this case was decided by the Board prior to the decision in *Snyder* but that does not relieve the board of the responsibility to follow the statute. In this case there is absolutely no evidence that the public convenience and advantage would be harmed, but there is evidence that the public convenience and advantage would be promoted by issuing this permit because of the distance to other liquor outlets.

In any case, I believe the Board clearly abused its discretion and I would reverse and remand this case to the Circuit Court with directions to return the case to the Alcoholic Beverage Control Board for issuance of the permit in question.

I am authorized to state that Judges GLAZE and CLONINGER join in this dissent.