Gregory D. COPELAND *v.* ALCOHOLIC BEVERAGE
CONTROL BOARD, State of Arkansas

CA 81-215                                   628 S.W. 2d 588

Court of Appeals of Arkansas
Opinion delivered February 24, 1982
[Rehearing denied March 24, 1982.*]

*Morgan E. Welch* and *Ralph M. Patterson, Jr.,* for
appellant.

*Donald R. Bennett,* for appellee.

LAWSON CLONINGER, Judge. The trial court upheld a
decision of the Alcoholic Beverage Control Board denying
appellant's application for an off-premises beer permit. For
reversal, appellant contends that there is no substantial
evidence to support the decision of the Board.

Ark. Stat. Ann. § 5-713 (Supp. 1979), provides that the
courts may reverse or modify a decision of an administrative
board if the decision is not supported by substantial
evidence. We find there is substantial evidence to support the
decision of the Board in this case, and we affirm.

*COOPER and CORBIN, JJ., would grant the petition.

By Act 7, Acts of the Legislature for 1933, compiled as Ark. Stat. Ann. § 48-501 to 527 (Repl. 1977), the Alcoholic Beverage Control Board is charged with the responsibility of issuing permits for the sale of beer within the state. Ark. Stat. Ann. § 48-1311 (Repl. 1977) authorizes the Board to promulgate regulations to enforce the provisions of the Alcohol Control Law, and specifically clothes the Director of the Board with broad discretionary power to enforce all the provisions of the alcohol control laws.

The regulation adopted by the Board provide in relevant parts:

Section 1.32. No permit shall be issued pursuant to an alcoholic beverage control law of the state of Arkansas for the following premises:

. . . .

(3) Premise for which adequate police protection is not available. Any premise for which, in the judgment of the Director, adequate police protection is not available due to the remoteness of the location of the premises.

(4) Premise which will not promote public convenience and advantage. Any premise for which the issuance of a permit would not, in the judgment of the Director, promote the public convenience and advantage. In determining whether the issuance of a permit would promote the public convenience and advantage, the Director may consider, in addition to all other relevant factors, the number of permits issued in the general vicinity of the premises for which application has been made.

Appellant argues that the Board was in error in basing its conclusions upon the following findings:

. . . .

2. That there is a great deal of testimony within the record which tends to indicate that school buses are in the area of the store on a regular basis during both the morning and afternoon hours and that numerous school children are in the immediate and adjacent area of the store. It is further found that a great deal of testimony was offered during the hearing that the presence of a controlled beverage at the grocery store would tend to be a source of danger to the school children who frequent the area.

. . . .

4. That testimony was offered by a local law enforcement official which would tend to indicate that the proposed location is a poor site for a controlled beverage outlet. The testimony would tend to show that the placement of controlled beverages at that store would greatly enhance the law enforcement problems in the area. The testimony further showed that due to the number of roads in the area and their junctions in proximity to the proposed site that it would be impossible to effectively roadblock the area should a robbery or other criminal problem occur at the store.

It is well settled that administrative agencies are better equipped than courts, by specialization, insight through experience, and more flexible procedures to determine and analyze underlying legal issues. *Gordon* v. *Cummings*, 262 Ark. 737, 561 S.W. 2d 285 (1978). That principle is particularly applicable in this case, because the legislature has expressly clothed the Director with broad discretionary authority to enforce all the provisions of the Alcohol Control Laws.

The Board finding number 2 is not alone sufficient to support the decision of the Board. Appellant presently operates a convenience store on the premises in which he proposed to exercise the beer permit applied for. Evidence indicates that two children board the school bus at the intersection where appellant's store is located, and that two or three times a week a school bus stops and children are

permitted to get a cold drink in appellant's store. Witnesses expressed a belief that the addition of beer to appellant's other sales would be a source of increasing danger to the children frequenting the area. The Board was entitled to consider the possibility of increased danger, but the evidence, standing alone, is too speculative to support the Board's finding.

There is substantial evidence in the record to support the Board's finding number 4. Appellant's store is located in a sparsely populated area, embracing a total populaton of 130 to 160 within a two-mile radius. It is six miles from the nearest towns, Prairie Grove to the north and West Fork to the south, and it is twelve miles from the county sheriff's office. A deputy sheriff is seen in the area two or three times a week. In the judgment of a representative of the sheriff's office, which judgment has been confirmed by the Board, adequate police protection is not available due to the remoteness of the location of the premises. The remoteness issue was not a factor in our recent decision in *Snyder* v. *Alcoholic Beverage Control Board,* 1 Ark. App. 92, 613 S.W. 2d 123 (1981).

This court will not substitute its judgment for that of an administrative agency, in the absence of an abuse of discretion by the agency. *Gordon* v. *Cummings, supra.* We find there is substantial evidence to support the finding of the Board and that there was no showing of an abuse of discretion.

Affirmed.

COOPER and CORBIN, JJ., dissent.

JAMES R. COOPER, Judge, dissenting. The majority opinion accurately outlines the authority of the Alcoholic Beverage Control Board with regard to the issuance of beer permits.

On judicial review of administrative decisions, we are charged with the responsibility of reviewing the entire record and determining whether there is substantial evi-

dence to support the administrative findings. *Citizens Bank v. Arkansas State Banking Board*, 271 Ark. 703, 610 S.W. 2d 257 (1981).

I disagree with the majority that substantial evidence exists in this case. The majority points out that none of the Board's findings except finding four are sufficient to support the decision of the Board. I agree with the majority that point four is the only possible finding which could support the action taken by the Board. However, I disagree with the majority in its determination that the Board was justified in refusing the permit on that basis. In this case, the appellant's proposed location was six miles from two other liquor stores. There is absolutely no showing as to why that additional six miles would cause any great inconvenience or disadvantage to the public nor is it shown by any evidence in the record that adequate police protection (or at least as adequate police protection as was available for the liquor stores in Prairie Grove and West Fork) would not be available in the event this permit was issued. On this basis alone, I would reverse and direct the Board to grant the permit.

Also, the majority has ignored one other extremely important factor. The full Board denied issuance of the permit on six findings of fact, rather than two. Those findings are as follows:

1. That there is no finding by the Board that the applicant is not qualified legally and morally to hold the applied for permit.

2. That there is a great deal of testimony within the record which tends to indicate that school buses are in the area of the store on a regular basis during both the morning and afternoon hours and that numerous school children are in the immediate and adjacent area of the store. It is further found that a great deal of testimony was offererd during the hearing that the presence of a controlled beverage at the grocery store would tend to be a source of danger to the school children who frequent the area.

3. That there are petitions both for and against the application contained within the file.

4. That testimony was offered by a local law enforcement official which would tend to indicate that the proposed location is in a poor site for a controlled beverage outlet. The testimony would tend to show that the placement of controlled beverages at that store would greatly enhance the law enforcement problems in the area. The testimony further showed that due to the number of roads in the area and their junctions in proximity to the proposed site that it would be impossible to effectively roadblock the area should a robbery or other criminal problem occur at the store.

5. Testimony was also presented to the Board that would show that the majority of the residents in the immediate area of the store are against the application.

6. It is further found that an additional letter of objection to the application was received from another area public official.

The decision by the Pulaski Circuit Court was handed down March 3, 1981. On March 25, 1981, this Court handed down the decision in *Snyder* v. *Alcoholic Beverage Control Board,* 1 Ark. App. 92, 613 S.W. 2d 126 (1981). This Court pointed out that the number of persons who favor or oppose the issuance of permits is irrelevant in determining whether the public advantage will be served by the issuance of a permit. We also pointed out that opposition by public officials may be of some significance, but only because of their reasons for opposition, not just the fact of opposition.

Therefore, at the very least, this case should be remanded to the circuit court, with instructions to remand to the Board. At least three of the findings on which the Board based its decision may not be considered under our holding in *Snyder, supra.* It is not possible to determine what weight the Board placed on the various findings and I therefore believe that the case should be remanded for consideration of only those factors which may be considered under *Snyder.*

The majority appears to have reviewed the record *de novo*, and then determined on its own that one of the findings is supported by substantial evidence. I believe that such an approach is wrong.

The Board has the responsibility to follow the statute and to determine whether the public convenience and advantage would be served or harmed by the issuance of this permit. They have not done so in this case. See, *Stringfellow* v. *Alcoholic Beverage Control Board,* 3 Ark. App. 124, 623 S.W. 2d 213 (1981) (Dissenting Opinion).

I respectfully dissent.

I am authorized to state that Judge CORBIN joins in this dissent.