ARKANSAS ALCOHOLIC BEVERAGE CONTROL BOARD *v.* Edward William KING, d/b/a THE PIONEER CLUB, INC.

81-237                                                                629 S.W. 2d 288

Supreme Court of Arkansas
Opinion delivered March 15, 1982

*Treeca J. Dyer,* for appellant.

*Sam Hilburn,* for appellee.

*William H. Sutton,* of *Friday, Eldredge & Clark,* for *amicus curiae* P.E.O.P.L.E.

FRANK HOLT, Justice. The appellee applied to the Director of the Arkansas Alcoholic Beverage Control Board (ABC) for a private club permit which permits on premises consumption of alcoholic beverages as provided in Ark. Stat. Ann. § 48-1410 (Repl. 1977). The application was denied. The appellant Board affirmed the decision of the Director. Appellee sought a review of the Board's decision pursuant to the Administrative Procedures Act, Ark. Stat. Ann. § 5-701 et seq. (Supp. 1981). The trial court reversed the Board's decision, stating "[t]he question to be decided by the Board is

whether the public convenience and advantage would not be hampered by the granting of the permit." The court also found that the Board did not make "its decision based upon public convenience or advantage and the decision is not supported by substantial evidence of record," relying upon *Snyder* v. *ABC*, 1 Ark. App. 92, 613 S.W. 2d 126 (1981). Hence this appeal. For reversal the Board contends that its decision was supported by substantial evidence, was not arbitrary or capricious nor was it an abuse of the power granted to it and the purpose of the club does not qualify it as a private club within the meaning of the statute. We agree with the appellant and reinstate the Board's decision denying the appellee a permit.

The burden is on the applicant to show that he is "qualified" to hold the permit and issuance of the permit is "in the public interest" whereupon the Board "may" issue the permit. § 48-1410 (b) (1). See *Gray's Butane* v. *Ark. Liq. Pet. Gas Bd.*, 250 Ark. 69, 463 S.W. 2d 639 (1971).

We feel that the trial court's reliance on *Snyder* is misplaced. In *Snyder*, the application was for a retail liquor license in a wet county permitting the sale of alcoholic beverages for off-premises consumption based on public "convenience and advantage." Ark. Stat. Ann. § 48-301 (Repl. 1977). The applicant already possessed a retail beer license. Here, we have an application for a private club permit in a dry county which would allow on-premises dispensing of mixed drinks as being "in the public interest." § 48-1410 (b) (1). In *Snyder* the applicant was found to be qualified by the Board. Here, the applicant was found not to be qualified. As indicated, there a different statute was under consideration than here.

Here, at the conclusion of the hearing, the Board made the following findings, *inter alia,* and denied the permit:

> 3. That the proposed club would be next door to a roller skating rink that is patronized chiefly by young children and the club would be a detrimental influence on large numbers of children in the area.

4. The proposed club is not organized for a charitable or non profit purpose as outlined by Arkansas Statutes Annotated § 48-1402 (j) and would have no other purpose other than the consumption of alcoholic beverages . . .

When reviewing administrative decisions, we review the entire record to determine whether there is any substantial evidence to support the administrative agency's decision, or was there arbitrary and capricious action, or was it characterized by abuse of discretion. *Citizens Bank v. Ark. State Banking Board,* 271 Ark. 703, 610 S.W. 2d 257 (1981); *Ark. Real Estate Comm'n v. Harrison,* 266 Ark. 339, 585 S.W. 2d 34 (1979); *Arkadelphia Fed'l S&L v. Mid-South S&L,* 265 Ark. 860, 581 S.W. 2d 345 (1979); and Administrative Procedures Act, Ark. Stat. Ann. § 5-713 (h) (Supp. 1981).

As we stated in *Terrell Gordon v. Gordon L. Cummings et al,* 262 Ark. 737, 561 S.W. 2d 285 (1978):

It is well settled that administrative agencies are better equipped than courts, by specialization, insight through experience and more flexible procedures to determine and analyze underlying legal issues; and this may be especially true where such issues may be wrought up in a contest between opposing forces in a highly charged atmosphere. This recognition has been asserted, as perhaps, the principal basis for the limited scope of judicial review of administrative action and the refusal of the court to substitute its judgment and discretion for that of the administrative agency.

Here, a recreational facility, a skating rink, is adjacent to appellee's restaurant which he seeks to convert, at least in part, into the proposed private club. According to the owner of the roller rink, it is patronized by a large number of children. On Friday and Saturday nights the roller rink attendance ranges from two to four hundred. Private parties for nursery school, kindergarten, and a boy's club are held at the rink. Attendance ranges from fifteen hundred to two thousand children per week from the first of the year until May. Although most of the children are picked up at the

premises by their parents, many of them walk home from the skating rink. "[T]here is still kids on the street, on the road crossing the front of [appellee's] establishment and it is a danger to them". "[P]eople leaving that club, who has had two or three drinks, would endanger the lives of these kids." We hold the Board's finding No. 3 was neither arbitrary, capricious or characterized by an abuse of discretion and is supported by substantial evidence.

With respect to the appellee being a qualified applicant for a permit, he testified that it would be operated on a nonprofit basis and the purpose of the club was:

> Well, over the period of 14 years I have been in the restaurant business, I've had many many hundreds of people at my restaurant that I might say complained because they didn't have the privilege . . . of having beer with their food, and so after a period of time I began to give it some consideration. I have tried to explore any way possible that I could serve drinks with my food. There was no way in a dry county. I eventually came up with the idea of a private club . . . Well you might say social gathering for people to come to, to enjoy food with a drink . . .

A witness testifying in support of appellee's application stated that there was only one private club in the dry county where one could "buy mixed drinks" and that many people could not afford a membership. However, the cost would be affordable in appellee's proposed private club. The private club charter, which appellee purchased from another source, recites the words of the statute (§ 48-1402 [j]) as to the required purpose. However, if we should hold that the mere compliance with the statute for the existence of the charter was sufficient to entitle the applicant to a mixed drink permit, then the Board has no discretionary powers and, therefore there is no need for the Board. We hold that the Board has not abused its discretion and its finding No. 4 is supported by substantial evidence.

Reversed and remanded with directions to reinstate the decision of the Board.

Reversed and remanded.