## ABC BOARD OF THE STATE OF ARKANSAS et al
### *v.* William Arnold BLEVINS et al

CA 81-339                                     633 S.W.2d 380

Court of Appeals of Arkansas
Opinion delivered May 19, 1982
[Rehearing denied June 16, 1982.]

*Donald R. Bennett,* for appellant ABC Board.

*Morgan E. Welch,* for appellant William K. White, Jr.

*Norman C. Wilber,* for appellee William Arnold Blevins.

*Marshall N. Carlisle,* of *Murphy & Carlisle,* for appellees George Buchner and Larry Satterwhite.

TOM GLAZE, Judge. This appeal is from a judgment of the Pulaski Circuit Court, reversing the Arkansas ABC Board's decision to grant the application of appellant, William K. White, Jr., for requisite permits to operate a retail package liquor store in the community of Mountain Home, Baxter County, Arkansas. The trial court based its decision on the finding that there was no substantial evidence from which the Board could have found the issuance of the permits would serve the public convenience and advantage. We cannot agree.

We review the facts in this case in light of the tests enunciated in *Snyder* v. *Alcoholic Beverage Control Board*, 1 Ark. App. 92, 613 S.W.2d 126 (1981), and *Gordon* v. *Cummings*, 262 Ark. 737, 561 S.W.2d 285 (1978). Accordingly, we are limited in our judicial role on appeal (1) to review the entire record and determine whether there is substantial evidence to support the ABC Board's findings; and (2) to not substitute this court's judgment and discretion for that of the Board. In applying these principles, we have no doubt that sufficient evidence exists in the record to support the Board's decision to grant the requisite permits to White. A brief summary of the evidence relied on by the Board in making its decision will quickly bear out this finding.

The record reflects that when Baxter County voted wet in 1979, the Arkansas Beverage Commission issued four retail liquor and beer permits to be operative in the Mountain Home area. However, one of these permittees never opened a liquor store, leaving only three liquor stores presently operating in this area. Thus, the antecedent actions by the Commission clearly indicate that it had decided, even before White's application here, that the public convenience and advantage of the Mountain Home area would be served by the issuance of four permits. Since only three of the previously issued permits were being used at the time of White's application, the Commission obviously felt reasonably compelled to issue another permit to an acceptable applicant if all other circumstances justified its doing so.

Some of these other circumstances considered by the Commission were:

(1)   Mr. White possessed complete qualifications and experience to operate and manage a liquor store.

(2)   A large segment of population resides in the south side of Mountain Home which does not presently have immediate, easy access to a liquor store. In fact, three liquor permit holders now have stores located either in the northeast portion of the city or are situated northeast of the city limits of Mountain Home. All three of these stores are within 2.5 miles from each other.

(3)   Mr. White has a store located one mile southwest of the city limits of Mountain Home. It is located three miles from the closest liquor store operating in the northeast part of Mountain Home, and it is nearly four miles distant from the next closest liquor store situated southeast of the city limits.

(4)   U.S. Highway 62 presently traverses Mountain Home in a northeasterly to southwesterly direction. A proposed bypass to Highway 62 is planned to route traffic around the east and south boundaries of the city proper. The bypass will connect with Highway 62 again at a point located on the southwest side of the city. The point at which the proposed bypass bisects Highway 62 on the southwest side of Mountain Home is approximately three-quarters mile from Mr. White's store. White testified that he intended to serve the tourists and local citizens who use this bypass.

The foregoing factors considered by the ABC Board are certainly substantial enough to support its decision to issue White a permit to be used on the southeast side of Mountain Home. In arriving at this conclusion, we are not unmindful of the testimony, letters and petitions submitted to the Board by the appellees who opposed the issuance of a permit to White. Although appellees' evidence may have tended to show valid reasons why a fourth liquor permit should not be

issued to White, it did not significantly detract from or negate the evidence offered by White, and relied upon by the Board, in support of the issuance of the permit. Most of appellees' proof dealt with the general lack of need for another liquor store, the danger and hazards it might produce, the inability of law enforcement to police the area and the reduction of the value of surrounding property. The Board had before it all of this evidence, as well as that provided by White. Much of the evidence was in conflict and required the Board to weigh and decide which testimony and proof it chose to believe. In considering all of the evidence, we conclude the Board had sufficient proof upon which to base its decision to grant White a permit. If we were to hold otherwise, we would doubtless be substituting our judgment for that of the Board, an exercise in discretion we are clearly not afforded under the rule established in *Gordon v. Cummings, supra*. Thus, even though we may have reached a different decision than that rendered by the Board, it was the Board's decision to make and not ours.

In conclusion, we note that the ABC Board also raised the issue of whether appellees actually had the required standing to appeal the Board's action in this case. Since we find and hold that the record contains sufficient evidence to support the Board's decision in this cause, it is unnecessary to consider the standing issue.

Reversed and remanded.