Ken WESTERMAN *v.* Charles R. SINGLETON,
Administrator of the Arkansas Alcoholic Beverage
Commission Division, State of Arkansas, Department
of Finance and Administration; and Dora Louise POPE

CA 82-436                                653 S.W.2d 152

Court of Appeals of Arkansas
Opinion delivered July 6, 1983

*Smith, Stroud, McClerkin, Dunn & Nutter,* by: *Nelson V. Shaw,* for appellant.

*Donald R. Bennett,* for appellee ABC Board.

*Honey & Rodgers,* by: *Charles L. Honey,* for appellee Pope.

JAMES R. COOPER, Judge. The appellee, Dora Louise Pope, was granted a retail liquor permit by the Alcoholic Beverage Control Board. From that decision, comes this appeal.

On August 3, 1981, Ms. Pope applied to the appellee, the Alcoholic Beverage Control Division of the Arkansas Department of Finance and Administration (hereinafter referred to as the ABC), for a liquor permit. This was Ms. Pope's fourth application since 1976 for her establishment known as The Depot, which already had a retail beer permit. The Depot is located in Texarkana, Arkansas. In accordance with the ABC regulations, a newspaper published a public advertisement notifying all interested parties that Ms. Pope had filed an application for a liquor permit. The appellant, who operates an off-premises beer and liquor outlet near Ms. Pope's proposed establishment, wrote the Board opposing the issuance of her permit.

On October 22, 1981, the Director of the ABC denied Ms. Pope's application for a permit, but the ABC Board subsequently reversed and granted the permit on the condition that Ms. Pope remove the seafood business located in the proposed establishment. The appellant filed a petition for judicial review in the Miller County Circuit Court. The decision of the ABC Board was affirmed and the appellant filed his notice of appeal to this Court, arguing that there is

no substantial evidence to support the granting of a retail liquor permit to Ms. Pope.

On appeal of administrative decisions, this Court must review the entire record and determine whether there is substantial evidence to support the administrative findings. *Citizens Bank* v. *Arkansas State Banking Board,* 271 Ark. 703, 610 S.W.2d 257 (1981). *See also ABC Board of the State of Arkansas* v. *Blevins,* 5 Ark. App. 107, 633 S.W.2d 380 (1982). In *Williams* v. *Scott,* 278 Ark. 453, 647 S.W.2d 115 (1983), the Arkansas Supreme Court stated:

> An administrative agency, like a jury, is free to believe or disbelieve any witness. *Meyer* v. *Seismograph Service Corp.,* 209 Ark. 168, 189 S.W.2d 794 (1945). We give the evidence its strongest probative force to support the administrative decision. *Franks* v. *Amoco Chemical Co.,* 253 Ark. 120, 484 S.W.2d 689 (1972). To establish an absence of substantial evidence to support the decision the appellant must demonstrate that the proof before the administrative tribunal was so nearly undisputed that fair-minded men could not reach its conclusion. *Ibid.* Finally, the question is not whether the testimony would have supported a contrary finding but whether it supports the finding that was made. *Campbell* v. *Athletic Mining & Smelting Co.,* 215 Ark. 773, 223 S.W.2d 499 (1949).

In the case at bar, Rick Michaels, a market analyst, testified that the intersection located near the establishment for which Ms. Pope sought a liquor license was "probably the busiest intersection north of Houston, Texas" and submitted "traffic counts" to substantiate his claim. Ms. Pope's establishment is located on State Line Avenue which serves as the borderline between Arkansas and Texas. Several highways intersect this avenue in the vicinity of Ms. Pope's building. Mr. Michaels further testified that there were 37 permits for the sale of liquor in Miller County and that their average income was $171,000.00 per year, which is $60,000.00 per year more than the average income for other such businesses in the State of Arkansas. On cross-examination, the appellant, whose establishment is closest in proximity to

the proposed location of Ms. Pope's business, testified that the income from his store was $650,000.00 to $750,000.00 per year, or at least four times the Miller County average. Although the overall population of Texarkana, Arkansas, has slightly declined, Ms. Pope testified that the growth of Texarkana was in the direction of the interstate, which is toward the location of her business. Ms. Pope testified that the majority of the liquor stores in Texarkana were located downtown and that most of her customers preferred not to drive downtown. Ms. Pope stated that many of her customers requested that she apply for a liquor permit so that she could sell both liquor and beer and keep them from having to make two stops. From a review of the evidence, we cannot find that the ABC Board's decision is arbitrary or in total disregard of the facts. *White County Guaranty Savings and Loan Ass'n* v. *Farmers and Merchants Bank,* 262 Ark. 893, 562 S.W.2d 582 (1978). It is in the discretion of the ABC Board to determine whether the public convenience and advantage will be promoted in issuing a liquor permit, Ark. Stat. Ann. § 48-301 (Repl. 1977), and we find substantial evidence to support its decision to grant the liquor license to Ms. Pope.

Affirmed.