The Honorable Tim Hutchinson State Representative Box 933 Bentonville, Arkansas 72712
Dear Representative Hutchinson:
This is in response to your request for an opinion regarding Act 132 of 1969. You have asked the following specific question:
 Under Section 10 of Act 132 of 1969, as amended, what area of the private club or its buildings does the term `premises' actually involve?
You mention in your request that some private clubs may contain areas of club property that are outside the actual club buildings, such as porches or verandahs.
Act 132 of 1969 is codified at Ark. Stat. Ann. 48-1401 et seq. (Repl. 1977). Section 48-1410 provides in pertinent part ". . . that the preparation, mixing and serving of such mixed drinks, beer and wine for consumption only on the premises of a private club as defined in Section 2(j) (subsection j of 48-1402) hereof . . . shall not be deemed to be a sale or be in violation of any law of this State . . ." The term "premises" is not defined. A "private club" is defined under 48-1402(j) (Cum. Supp. 1985) as follows:
 "Prive [Private] Club" means a nonprofit corporation organized and existing under the laws of this State, no part of the net revenues of which shall inure directly or indirectly to the benefit of any of its members or any other individual, except for the payment of bona fide expenses of the club's operations, conducted for some common recreational, social, patriotic, political national, benevolent, athletic or other nonprofit object or purpose other than the consumption of alcoholic beverages, which nonprofit corporation shall have been in existence for a period of not less than one (1) year before application for a permit is (as) hereinafter prescribed. At the time of application for said permit the nonprofit corporation must have not less than one hundred (100) members regularly paying annual dues of not less than Five Dollars ($5.00) per member, and at the time of application, must own or lease a building, property or space therein for the reasonable comfort and accommodation of its members and their families and guests and restrict the use of club facilities to such persons.
It should be noted initially that the permitted premises will ordinarily consist of those areas designated by the private club applicant, as part of the established application procedure, and approved by the Board. The Alcoholic Beverage Control Board has authority pursuant to 48-1412 to adopt rules and regulations governing the qualifications for permits. This authority is also reflected in 48-1410(c), and in 48-1410(a)(2) which conditions the private club's serving of alcohol on its acquisition of a permit from the Board ". . . in such form as the Board may appropriately determine." The Board's determination regarding the permitted premises will in all likelihood withstand a challenge unless it is deemed on review to be arbitrary or capricious and not supported by substantial evidence. The Arkansas Supreme Court has stated, with regard to its review of administrative decisions, that it reviews the entire record to determine whether there is any substantial evidence to support the decision, or whether it was arbitrary or capricious or characterized by abuse of discretion. See Arkansas ABC Board v. King, 275 Ark. 308, 629 S.W.2d 288 (1982)
Although the General Assembly has not offered a definition of "premises," it has clearly stated that the club must own or lease a "building, property or space therein . . . and restrict the use of club facilities to (members and their families and guests)." Section 48-1402(j). It seems clear that the "premises" extend to the building, property, or space therein that is leased or owned by the club. And one might argue that the insertion of the word "property" in the 1985 amendment to Act 132 is an indication that the word "premises" extends to all property owned or leased by the club. However, there is an expressed concern with restricting the use of club facilities to members and their families and guests. It may therefore be necessary, in order to qualify areas such as porches and verandahs as part of the "premises," to show that the general public cannot or will not gain entrance to those areas.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.