EWELL THOMAS d/b/a THOMAS TERMITE
CONTROL *v.* COMMITTEE "A" ARKANSAS
STATE PLANT BOARD

73-145                                    501 S.W. 2d 248

Opinion delivered November 19, 1973

*Warren E. Dupwe,* for appellant.

*Jim Guy Tucker,* Atty. Gen. by: *Milton Lueken,*
Asst. Atty. Gen., for appelleee.

CARLETON HARRIS, Chief Justice. On September 10,
1970, Committee "A" of the Arkansas State Plant Board
conducted a hearing wherein evidence was taken on
whether the license of Ewell Thomas, d/b/a Thomas
Termite Control, appellant herein, should be revoked.

Testimony and numerous written exhibits were presented to the committee, Mr. Thomas not appearing personally, or by counsel, at said hearing. Subsequently, on September 22, 1970, appellant was advised that his license had been revoked. On appeal to the Circuit Court of Pulaski County (Third Division), the order of revocation was affirmed, and from the judgment so entered, appellant brings this appeal. Several allegations for reversal are urged and we proceed to discuss these points.

It is first asserted that the matter should have been remanded to the State Plant Board because the license revocation by Committee "A", "being made upon unlawful procedure was in excess of the agency's statutory authority." It is first argued under this point that appellant was denied the right to counsel as granted by Ark. Stat. Ann. § 5-709 (a) (Supp. 1971) because the notice sent to him by the board of the hearing made no mention of this right. We cannot agree with this contention. The statute gives one the right to appear in person or by counsel, but there is no requirement that the notice of hearing contain such information. Appellant, however, is hardly in a position to make such a contention because the record reflects that after receiving the notice from the board, he wrote a letter of reply in which he said, "I am turning all of this mess you sent me to my lawyers and they will decide what to do with it." He added that if the board decided to revoke his license, he was "taking this to the United States Supreme Court and my Lawyers will handle this for me." About two weeks later, appellant wrote another letter advising that his lawyers "will be asking you and your Inspectors to appear in court to answer several Questions." Accordingly, it is very evident that Thomas was aware of his right to counsel.

It is next averred that the license was revoked by Committee "A" rather than the entire board.[1] The record is not entirely clear in this regard, but does re-

---

[1]Rules and regulations of the Arkansas State Plant Board provide that Committee "A" shall consist of the board member who is head of the Department of Entomology of the University of Arkansas, the board member who

flect that the decision was reduced to writing with the supporting evidence, and the law, as required by Ark. Stat. Ann. § 5-710 (b), and made a part of the record of the hearing as required by the Administrative Procedure Act (Act 434 of 1967, Ark. Stat. Ann. § 5-701 - 714 [Supp. 1971]). Discussion of this allegation is unnecessary since this argument was not raised in the trial court. In fact, appellant's own pleadings filed in the Pulaski County Circuit Court appear to be contrary to his argument. On November 22, in his motion to set aside revocation of the pest control license held by Thomas, appellant states:

> "The decision rendered by the *Arkansas State Plant Board* [our emphasis] to permanently revoke defendant's pest control license and the entire proceedings thereon was based upon hearsay testimony and evidence and denied defendant his right to confront witnesses against him and to allow said evidence on appeal is only to repeat the violation of defendant's constitutional rights."

On the same date, he filed a motion for a trial by jury, stating:

> "On September 11, 1970, the *State Plant Board* [our emphasis] permanently revoked defendant's pest control license. To deny defendant a jury trial of that decision is to deny defendant of his livelihood without due process of law."

It thus appears that appellant recognized that his license had been revoked by the full board, but, if otherwise, as already pointed out, we still cannot consider the argument since this matter was not raised in the trial court and cannot be raised here on appeal for the first time. *Gregory* v. *Gordon,* 243 Ark. 635, 420 S.W. 2d 825.

represents the Arkansas Pest Control Association, board member who represents the Arkansas Feed Manufacturers Association and the board member who represents the Arkansas Pesticides Association. This committee hears matters relating to the licensing of pest control operators. Committee "B" is likewise composed of four members who hear matters pertaining to different classifications.

It is also mentioned that only three members of Committee "A" were present at the hearing, rather than the full committee of four. Of course, the three constituted a majority of the committee, but, inasmuch as this argument too was not presented to the trial court and is here raised for the first time, it likewise cannot be considered.

It is contended that the court erred in not granting appellant's motion to exclude hearsay evidence taken at the committee hearing. Gerald King, head of the Commercial Pest Control Section of the Division of the Plant Industry, State Plant Board, and who notified appellant of the hearing, together with Martin Bracy, Inspector for the Board, investigated numerous jobs that had been performed in northeast Arkansas by Mr. Thomas, and offered in evidence various statements from persons who had entered into contracts with Thomas to have their homes treated for pest control, together with some contracts; also appellant's monthly report form for two months was offered, and evidence presented that numerous jobs performed by Thomas had not been reported to the board as required;[2] some checks and photostats of checks received by Thomas were also placed in evidence. We find no merit in this contention. Ark. Stat. Ann. § 5-709 (d) of the Administrative Procedure Act provides that, except where irrelevant, immaterial, or unduly repetitious, any oral or documentary evidence, not privileged, may be received if it is of a type "commonly relied upon by reasonably prudent men in the conduct of their affairs." The bulk of the evidence certainly appears to be such as would be relied upon by reasonably prudent men in the conduct of their affairs. Let it be remembered that this was a hearing before an administrative committee which is not bound by strict rules of evidence. See *Fisher* v. *Branscum,* 243 Ark. 516, 420 S.W. 2d 882.

It is next argued that the court erred in failing to grant appellant's motion for a jury trial. Again, we do

[2]The investigation of Thomas related to statutes and regulations concerning (1) his failure to report work within the time and manner specified and pay inspection fees due and (2) performing work in a classification for which he did not have a license.

not agree. Ark. Stat. Ann. § 5-713 (g) of the Administrative Procedure Act provides:

"The review shall be conducted by the court without a jury and shall be confined to the record, except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony may be taken before the court."

Finally, it is urged that the action taken in revoking the license of Mr. Thomas was too harsh and should be modified. Board records, as shown by the minutes of various meetings, reflect previous violations of the act, and numerous instances were included in the present charge. The statute, Ark. Stat. Ann. § 77-1807 (Supp. 1971), sets out the grounds for invalidation or nonrenewal of a license and the violations charged against appellant are included in this section. We are unable to say that the finding of the board was arbitrary or capricious.

Affirmed.