ARKANSAS STATE HIGHWAY COMMISSION
*v.* WHITE ADVERTISING INTERNATIONAL

81-47                                    620 S.W. 2d 280

Supreme Court of Arkansas
Opinion delivered July 13, 1981
[Rehearing denied September 21, 1981.]

*Thomas B. Keys* and *Charles Johnson*, for appellant.

*Paul Henson*, for appellee.

ROBERT H. DUDLEY, Justice. The issue in this case is whether the Administrative Procedure Act, Title 5, Chapter 7 (Repl. 1976), is applicable to decisions by the Arkansas State Highway Commission to grant or deny permits for outdoor advertising signs. No evidence was taken in this case and the lower court made its decision on the pleadings alone. Those pleadings establish that the appellee, White Advertising, held nine permits to erect and maintain outdoor advertising signs no closer than 660 feet from the right-of-way of Interstate 55 near Blytheville. The permits for the signs were issued by the Commission pursuant to the Highway Beautification Act, Ark. Stat. Ann. Title 76, Chapter 25 (Repl. 1957 and Supp. 1979). The appellant Commission pleaded that seven of the signs had been destroyed during a storm and that permits to rebuild them had never been issued. White Advertising denied that the original signs had been destroyed and contended that the original permits were still valid. The pleadings admit that the Commission caused the seven signs to be cut down after notice but without an administrative hearing. White alleged that seven signs had a replacement value of $122,504.00 and that it is suffering a monthly rental loss of $3,429.70. Appellant Commission denies the claimed losses.

The pleadings admit that the Commission voided permits for the maintenance of two additional signs. The Commission contends that the permits were voided only after the discovery that they originally were issued upon the false representation that the signs were 660 feet from the right-of-way. White contends that they were properly located and that no false representations were made. Both parties agree that the Commission has made a decision to cut down these two signs.

The trial court ruled that the Commission's actions

were void and mandated the Commission to reissue the permits for all nine signs.

The Commission argues that jurisdiction does not lie in the circuit court. Appellee White's prayer for relief asked, among other things, an order requiring the Commission "to conduct a hearing in accordance with the Administrative Procedure Act." This amounts to a petition for a writ of mandamus which is cognizable only in circuit court. *Arkansas State Police Commission* v. *Davidson*, 252 Ark. 137, 477 S.W. 2d 852 (1972). The Commission was fully aware of the nature of the complaint and, as an affirmative defense, pleaded that neither a writ of mandamus nor a writ of certiorari should lie against the Commission. The circuit court clearly had jurisdiction.

The Commission contends that its admitted decision to cancel permits and cut down signs does not amount to an "adjudication." In *Arkansas State Highway Com'n.* v. *Wood*, 264 Ark. 425, 572 S.W. 2d 583 (1978), we held that the Commission is subject to the adjudicatory provisions of the Administrative Procedure Act, but we did not define what acts of the Commission constituted adjudication. Ark. Stat. Ann. § 5-701 (d) simply characterizes an adjudication as a final disposition in which a state agency is required by law to make its determination after notice and a hearing. There is no statute enumerating all of the occasions which require notice and a hearing. However, both the state and federal constitutions provide that no person may be deprived of property without due process of law. Under the Commission's procedure appellee stands to be deprived of property without being afforded due process. Therefore the Commission is required by law to make its determination only after an adjudication, and that requires a notice and a hearing.

The trial court ordered the permits to be reissued. Such an order substitutes the judgment of the circuit court for that of the Commission. Article 4 of the Arkansas Constitution prohibits intrusion by the judiciary upon the domain of either the legislative or the executive branches of government. *Wenderoth* v. *City of Fort Smith*, 251 Ark. 342, 472 S.W. 2d 74 (1971) and *City of Batesville* v. *Grace*, 259 Ark.

493, 534 S.W. 2d 224 (1976). The Commission is the proper agency to conduct the initial hearing and make the decision. As we said in *Gordon* v. *Cummings*, 262 Ark. 737, at 740, 561 S.W. 2d 285 (1978):

> It is well settled that administrative agencies are better equipped than courts, by specialization, insight through experience and more flexible procedures to determine and analyze underlying legal issues ... This recognition has been asserted, as perhaps the principal basis for the limited scope of judicial review of administrative action and the refusal of the court to substitute its judgment and discretion for that of the administrative agency.

Ark. Stat. Ann. § 5-710 requires that an administrative agency make findings of fact and conclusions of law. Our decision in *Arkansas Savings & Loan Ass'n. Board* v. *Central Arkansas Savings & Loan Ass'n.*, 256 Ark. 846, 510 S.W. 2d 872 (1974) sets out the reasons which require that the statute must be complied with.

> The reasons have to do with facilitating judicial review, avoiding judicial usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan their cases for rehearings and judicial review, and keeping agencies within their jurisdiction.

As the administrative agency has not held a hearing and has not stated its findings of fact and conclusions of law, the correct procedure is to reverse and remand to the agency for further proceeding. *Arkansas Savings & Loan Ass'n.* v. *Central Arkansas Savings & Loan Ass'n.*, supra.

Reversed and remanded.

Adkisson, C.J., and Hickman, J., not participating.