Dow Richard PURSLEY and Richard Faust *v.* STATE of Arkansas

CR 90-7                                    791 S.W.2d 359

Supreme Court of Arkansas
Opinion delivered June 18, 1990

*Paul Byrd*; and *Hall, Wright & Baker*, by: *John Barry Baker*, for appellant.

*Steve Clark*, Att'y Gen., by: *Kelly K. Hill*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Early one morning, Dr. William Harrison's receptionist was notified that a demonstration to protest the performance of abortions would be held outside Dr. Harrison's clinic on College Avenue in Fayetteville. Around mid-morning, the demonstrators arrived and sat immediately in front of the entrance to the clinic. Dr. Harrison asked the demonstrators to leave. They refused. A television station, which had also been notified of the demonstration, informed the police of the situation. They responded. Upon arrival, the uniformed officer in charge identified himself to the demonstrators and asked them to leave. He told them that if they did not leave they would be charged with criminal trespass. They refused to leave. He informed them they were under arrest for criminal trespass. He directed them to accompany other uniformed officers to a waiting van. He told them that if they did not go to the van with the officers they would be charged with failure to submit to arrest. The demonstrators remained seated. The officers then stepped forward and handcuffed and carried the protestors, one by one, to the waiting van. The appellants were two of the demonstrators. They were tried and convicted of criminal trespass and refusal to submit to arrest. They appeal only the conviction for refusal to submit to arrest. We affirm the conviction.

Appellants first argue that the statute under which they were convicted is unconstitutionally vague. The statute, Ark. Code Ann. § 5-54-103(b), in pertinent part, provides:

(b)(1) A person commits the offense of refusal to submit to arrest if he knowingly refuses to submit to arrest by a person known by him to be a law enforcement officer effecting an arrest;

(2) "Refusal," as used in this subsection, means active or passive refusal.

Both the fourteenth amendment to the Constitution of the United States and article 2, section 8 of the Constitution of Arkansas provide that no person shall be deprived of life, liberty, or property without due process of law.

> Due process requires a statute to be definite enough to provide (1) a standard of conduct for those whose activities are proscribed and (2) a standard for police enforcement and for ascertainment of guilt.

*Long* v. *State*, 284 Ark. 21, 23, 680 S.W.2d 686, 687 (1984). These two standards for judging whether a statute is unconstitutionally vague were further explained in *Trice* v. *City of Pine Bluff*, 279 Ark. 125, 649 S.W.2d 179 (1984), as follows:

> The standard by which we determine whether an ordinance is vague is whether the ordinance gives a person of average intelligence a fair warning in definite language of the prohibited act.

*Id.* at 129, 649 S.W.2d at 181.

> A law that is so vague and standardless that it leaves judges or jurors free to decide, without any legally fixed standard, what is prohibited and what is not in each particular case fails to meet due process requirements.

*Id.* at 130, 649 S.W.2d at 181-82.

Appellants argue that "passive" "refusal to submit to arrest" is too vague to give fair warning to a person of average intelligence, or to tell judges or policemen what is prohibited. The argument is without merit. The Constitution does not require impossible standards of specificity.

The meaning of words in accordance with their common usage can be found in *Webster's Third New International Dictionary*, Unabridged (1961). "Passive" means not active or operating; not moving. A synonym for passive is inactive. "Refusal" means an act of refusing or denying. "Refuse" means to decline to accept; to show or express a positive unwillingness to comply with. "Submit" means to yield to the will or authority of. "Arrest" means the taking or detaining of a person in custody by authority of law; legal restraint of the person; custody, imprison-

ment. "Custody" means judicial or penal safekeeping; imprisonment or durance of persons or charge of things. "Durance" means confinement.

■ Accordingly, a reasonable and commonly understood construction of the language at issue gives a person of ordinary intelligence fair warning that an inactive or passive form of noncompliance with the arrest process can subject one to punishment. Therefore, the statute is not unconstitutionally vague.

The appellants next argue that they did not refuse to submit to arrest, but instead submitted to arrest by holding their hands out for the handcuffs. They further contend that they were already under arrest when they refused to walk to the police van, and therefore, they cannot be guilty of refusing to submit to arrest. In fact, appellants refused to move before they were handcuffed, but, more importantly, the appellants' argument fails because it is based upon a false premise. That false premise is that their arrest was complete at the moment the handcuffs were put on them. Here, the appellants were in the process of committing the offense of criminal trespass when the officers handcuffed them. The appellants would not move and were continuing to commit the trespass even after the handcuffs were secured. In effecting the arrest the officers had every right to stop appellants from continuing the offense. As a result, the arrest was not completed until, at the very least, the continuing trespass offense was put to a stop. Therefore, the arrest was not complete at the moment the handcuffs were put on, and the appellants, by refusing to move, were passively refusing to submit to arrest.

The foregoing interpretation of the statute is in accordance with the 1989 commentary to the statute. It provides:

Act 261 of 1987 engrafted the offense of refusal to submit to arrest (§ 5-54-103(b)(1)(-4)) onto the resisting arrest statute. Subsection (b) is perhaps aimed at the person who declines to submit to arrest by failing to follow instructions given by the arresting officer. It will cover cases where the arrestee must be carried to a police car or removed from a sidewalk in front of a building, for instance. . . .

■ Our interpretation of the statute to the effect that the placing of handcuffs on an arrestee does not end the arrest is further buttressed by rules of criminal procedure and statutes. For example, A.R.Cr.P. Rule 4.6 provides that, unless an arrestee is released on a citation, an officer when making the arrest shall take the person to jail, but on the way to jail he may take the arrestee someplace else to have him identified or may take the arrestee any place he requests. Ark. Code Ann. § 16-81-107(f) provides that an officer making an arrest in obedience to a warrant shall proceed with the defendant as directed by the warrant. The directions in the warrant state that the officer should take the accused before a magistrate. Ark. Code Ann. § 16-81-104. In conclusion, the arrest did not end with the placing of handcuffs on the appellants, and they passively refused to submit to arrest when they refused to follow the instructions of the arresting officer.

Affirmed.