Melber WRIGHT d/b/a/ A.B.C. Termite & Pest
Control *v.* ARKANSAS STATE PLANT BOARD

92-453                                          842 S.W.2d 42

Supreme Court of Arkansas
Opinion delivered November 23, 1992

*Howell, Price, Trice, Basham & Hope, P.A.*, by: *Robert J. Price*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Arnold M. Jochums*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The primary issue in this case is whether the Arkansas State Plant Board's administrative action refusing to renew A.B.C. Termite and Pest Control's license was correct. We find that it was and affirm the trial court. A.B.C. also complains that the trial court erred in not making findings of fact and improperly limited its scope of review. We disagree.

In April, 1990, Melber Wright, owner and operator of A.B.C. Termite and Pest Control, was sent an Order and Notice of Hearing from the Pest Control Committee of the Board advising him that an administrative hearing would be held in connection with the status of his pest control license. The Notice had four counts: (I) alleged Mr. Wright was in violation of the

terms of a probation period imposed in 1988; (II) alleged he failed to correct substandard work on sixteen specified buildings which were found by the Plant Board to lack minimum requirements; (III) alleged that he failed to file required monthly reports of work done on certain property; and (IV) alleged he had not paid reporting and reinspection fees totalling $3,753.00. Mr. Wright had previously been placed on probation for two years by order of the Board dated December 9, 1988 based on a finding pursuant to Ark. Code Ann. § 17-30-217(1)(1987) that he "misrepresented for the purpose of defrauding the consumers of the State of Arkansas by entering into agreements to perform termite pre-treatments on [twenty-five buildings] when, in fact little or no chemical application was made by Wright or his registered agents."

On May 24, 1990, an evidentiary hearing was held by the Pest Control Committee of the State Plant Board. The Committee made the following findings of fact and conclusions of law:

(a) Melber Wright failed to correct substandard work on 16 buildings found not to meet minimum treating requirements for Termite and Other Structural Pests, so he is guilty of violating Ark. Code Ann. § 17-30-217(9)(1987).

(b) Melber Wright did not file reports of work performed as required by law, so he is guilty of violating Ark. Code Ann. § 17-30-221(c), (1), (3). He did not pay reporting and reinspection fees in violation of Ark. Code Ann. § 17-30-217(6).

The Committee recommended to the Board that Mr. Wright's license not be renewed unless the fees were paid and the work was brought to compliance by July 1, 1990. They also recommended that the Board sequester A.B.C.'s bond until the fees were paid. The order specifically advised Mr. Wright of his right to appeal the Committee's action to the Full Board at its June 7, 1990, meeting by "filing a written request at the Plant Board office no later than June 2, 1990, stating his desire to appeal." No written request was filed, nor did he or his attorney appear before the full Board meeting.

At its June 7 meeting, the Board adopted the recommenda-

tions of the committee without change. On July 6, 1990, Mr. Wright filed a petition for judicial review in Pulaski County Circuit Court pursuant to the Administrative Procedure Act, Ark. Code Ann. § 25-15-212 (1992), alleging that the Plant Board acted in violation of constitutional or statutory provisions, in excess of its statutory authority, using unlawful procedure, and abusing its discretion. Mr. Wright filed a separate motion to stay enforcement of the agency's decision. The court found Mr. Wright would be irreparably harmed and entered an order granting his request for a stay of the nonrenewal of his license during the pendency of this proceeding.

The trial court affirmed the actions of the Board and found that the committee system used by it to review Mr. Wright's license was lawful, that substantial evidence supported their findings of fact made, and that the action of the Board was not arbitrary. The court provided in its order that if Mr. Wright appealed, the stay previously granted would remain in effect pending appeal.

One month after the hearing was held on the merits, Wright filed a motion asking the trial court to make findings of fact and conclusions of law pursuant to Ark. R. Civ. P. 52(a), which states, "If requested by a party, in all contested actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon." A hearing was held on the motion but the court denied it and accepted an order drafted by the Plant Board pursuant to the court's directions.

The Plant Board countered that under Ark. Code Ann. § 25-15-212(h)(1)-(6)(1992) and *Whitlock v. G.P.W. Nursing Home, Inc.*, 283 Ark. 158, 672 S.W.2d 48 (1984), the Arkansas Rules of Civil Procedure do not apply to civil actions brought under the Administrative Procedure Act. We held in *Whitlock* that the Administrative Procedure Act is an exception to the Arkansas Rules of Civil Procedure under Rule 81(a), and we have repeated this rule in more recent cases. *Sunbelt Couriers v. McCartney*, 303 Ark. 523, 798 S.W.2d 92 (1990); *McEuen Burial Ass'n v. Arkansas Burial Ass'n Bd.*, 298 Ark. 572, 769 S.W.2d 415 (1989). Based on this rule, Ark. R. Civ. P. 52(a) is inapplicable tot his judicial review, and the trial court was not bound to provide Mr. Wright with a finding of fact or conclusion

of law.

■ By contrast, the Plant Board did fulfill its requirements under the Administrative Procedure Act that a final decision be rendered that "shall include findings of fact and conclusions of law, separately stated." Ark. Code Ann. § 25-15-210(b)(1-2)(1992). The Pest Control Committee made specific findings of fact and conclusions of law which the Board adopted. The Pest Control Act allows adjudicatory hearings to be held by the board or an authorized committee of the board. Ark. Code Ann. § 17-30-220(a)(1987). This process had been recognized by this court in *Thomas* v. *Committee "A", Ark. State Plant Bd.*, 255 Ark. 517, 501 S.W.2d 248 (1973). The findings of the Pest Control Committee were adequate and were duly adopted by the Board.

Mr. Wright next argued that the rationale the court gave for affirming the Plant Board's decision was inadequate because the court improperly limited the scope of its review to only one of the six grounds given at Ark. Code Ann. § 25-15-212(h) (1987), that is, that it found substantial evidence to support the action taken.

■ Substantial evidence is one of the six bases for judicial review given by the Administrative Procedure Act:

> (h) The court may affirm the decision of the agency or remand the case for further proceedings. It may reverse or modify the decision if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the agency's statutory authority;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error or law;
>
> (5) Not supported by *substantial evidence* of record; or
>
> (6) Arbitrary, capricious, or characterized by abuse of discretion.

Ark. Code Ann. § 25-15-212(h)(1992)(emphasis added).

■ Mr. Wright argued that the other five standards of review should have been applied. However, Mr. Wright provided no authority supporting his position or any logical reasons why these other five rationale should be applied.

The trial court's order reflected that the trial court did take three of these factors into consideration: whether supported by substantial evidence (§ 25-15-212(h)(5)), whether made upon unlawful procedure (§ 25-15-212(h)(3)), and whether there existed arbitrary and capricious procedure (§ 25-15-212(h)(6)). This was more than sufficient to satisfy the Administrative Procedure Act.

Mr. Wright's main argument was that the trial court's decision was clearly erroneous for a variety of reasons. "Clearly erroneous" is not the correct standard of review applicable here: when reviewing administrative decisions, we review the entire record to determine whether there is any substantial evidence to support the administrative agency's decision, whether there is arbitrary and capricious action, or whether the action is characterized by abuse of discretion. *In re Sugarloaf Mining Co.*, 310 Ark. 772, 840 S.W.2d 172 (1992); *Singleton* v. *Smith*, 289 Ark. 577, 715 S.W.2d 437 (1986); *Green* v. *Carder*, 282 Ark. 239, 667 S.W.2d 660 (1984); *Arkansas Alcoholic Beverage Control Bd.* v. *King*, 275 Ark. 308, 629 S.W.2d 288 (1982). We have recognized that administrative agencies are better equipped than courts, by specialization, insight through experience, and more flexible procedures to determine and analyze underlying legal issues affecting their agencies, and this recognition accounts for the limited scope of judicial review of administrative action and the refusal of the court to substitute its judgment and discretion for that of the administrative agency. *First Nat'l Bank* v. *Arkansas State Bank Comm'r*, 301 Ark. 1, 5, 781 S.W.2d 744, 746 (1989); *Arkansas State Hwy. Comm'n* v. *White Advertising Int'l*, 273 Ark. 364, 620 S.W.2d 280 (1981); *Arkansas Beverage Control Bd.* v. *King, supra*; *Gordon* v. *Cummings*, 262 Ark. 737, 561 S.W.2d 285 (1978).

■■ To determine whether a decision is supported by substantial evidence, we review the whole record to ascertain if it is supported by relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Livingston* v. *Arkan-*

*sas State Medical Bd.*, 288 Ark. 1, 701 S.W.2d 361 (1986); *Partlow* v. *Arkansas State Police Comm'n*, 271 Ark. 351, 609 S.W.2d. 23 (1980). To establish an absence of substantial evidence to support the decision the appellant must demonstrate that the proof before the administrative tribunal was so nearly undisputed that fair-minded persons could not reach its conclusions. *Beverly Enters.-Ark., Inc.* v. *Arkansas Health Servs.*, 308 Ark. 221, 824 S.W.2d 363 (1992); *Williams* v. *Scott*, 278 Ark. 453, 647 S.W.2d 115 (1983). Substantial evidence is valid, legal and persuasive evidence. *Independence Sav. & Loan Ass'n* v. *Citizens Fed. Sav. & Loan Ass'n*, 265 Ark. 203, 577 S.W.2d 390 (1979).

At the Committee hearing, the procedure and rules for regulating pest control operators were outlined. These gave a standard procedure for inspection, notice, and sanctions where the Board's rules and regulations are violated. If a Board inspector inspects a site and finds substandard pest control work, the Board sends a "Report of Substandard Termite Treatment," or pink slip, to the pest control operator, after which the operator has fifteen days to rectify the situation. The site will be reinspected, and if the work is still not done, another pink slip may be issued. Fees are charged for notice and reinspection. Testimony at the Committee hearing revealed that the fees were based on an analysis of the overall operating cost of the Pest Control Division.

In Mr. Wright's situation, there was ample evidence to support the agency's action. First, there was evidence presented at the lengthy Committee hearing regarding the substandard conditions of all sixteen buildings named in the original Notice and Order. An inspector employed by the Board testified that he inspected one house four times and had caused three pink slips to be issued as well as a letter to Mr. Wright. Similar testimony as to the other buildings followed. In most instances, three pink slips, the maximum number, were sent to Mr. Wright and at least three reinspections occurred per property, although one property had only one pink slip issued.

Secondly, the terms of the 1988 order which put Mr. Wright on probation for two years were read into the record and it was clear that this previous agreement between the Board and Mr. Wright had been violated. The two terms of his probation

were (1) that he violate no statute of the Professional Practice Act or the Rules and Regulations of the Arkansas State Plant Board and (2) that he rectify the customers' complaints included in the notice. Mr. Wright failed to abide by both these terms by violating the rules and regulations as evidenced by the numerous pink slips issued and by failing to rectify one of the substandard jobs complained of 1988. In reviewing the record of the hearing before the Committee, the hearing before the Board, and the trial, it is obvious there was sufficient evidence of Mr. Wright's misconduct to support the action of the Board.

■ We need not decide whether the Board's action was arbitrary and capricious since it automatically follows that where substantial evidence is found, a decision cannot be classified as unreasonable or arbitrary. *Independence Sav. & Loan Ass'n* v. *Citizens Fed. Sav. & Loan*, 265 Ark. 203, 211, 577 S.W.2d 390, (1979).

■ Mr. Wright makes several arguments on appeal which we are not bound to address because they were not raised before the Board. In *Alcoholic Beverage Control Div.* v. *Barnett*, 285 Ark. 189, 685 S.W.2d 511 (1985), we said it is essential to judicial review under the Arkansas Administrative Procedure Act that issues must be raised before the administrative agency appealed from or they will not be addressed by this court:

> A reviewing court usurps the agency's function when it sets aside the administrative determination upon a ground not theretofore presented and deprives the Commission of an opportunity to consider the matter, make its ruling, and state the reasons for its action.

*Alcoholic Beverage Control Div.* v. *Barnett*, 285 Ark. 189, 192, 685 S.W.2d 511, 513 (1985)(quoting *Unemployment Compensation Comm'n* v. *Aragon*, 329 U.S. 143 (1946)). Mr. Wright was given notice of his right to appear before the full Board but declined to appear and raise these issues. *See Truck Transp., Inc.* v. *Miller Transp., Inc.*, 285 Ark. 172, 685 S.W.2d 798 (1985).

Considering the deference this court gives to administrative decisions of agencies, we find that the Board's decision to not renew Mr. Wright's license was not arbitrary or capricious and was, in fact, supported by substantial evidence. *See Edwards* v.

*Arkansas Alcoholic Beverage Control*, 307 Ark. 245, 819 S.W.2d 271 (1991).

For the foregoing reasons, we affirm.