The Honorable Bill Gwatney State Senator Post Office Box 156 Jacksonville, Arkansas 72076
Dear Senator Gwatney:
This is in response to your request, on behalf of Mr. Kenneth R. Matthews, for an opinion on thirteen questions concerning A.C.A. §27-14-2301 et seq. and A.C.A. § 27-14-701 et seq. These statutory provisions address the registration of motor vehicles and the disclosure of damage and repair on the certificate of title. As a general matter, I must state that the questions you have posed, on behalf of a constituent, are more in the nature of a request for legal advice than a request for an official opinion. I am statutorily prohibited from the private practice of law, and thus cannot provide the detailed legal advice for which private counsel should be employed. I will, however, provide you with some general state law that may be implicated by your questions. For purposes of clarity, some of your questions have been restated in part, and the ordering of your questions has been modified.
Question 1 — Whether titles issued under A.C.A. § 27-14-705—710 with fulldisclosure are subject to arbitrary recall/cancellation by the Office ofMotor Vehicle without notice?
Question 4 — Whether vehicle owners have either administrative dueprocess or property rights in titles issued in compliance with A.C.A. §27-14-705—710?
Question 9 — Whether administrative procedures and related due processrights exist for titles issued under A.C.A. § 27-14-705—710?
Question 13 — Whether, if all titles — title receipts contain no damagedesignation, the Office of Motor Vehicle can cancel/impair a vehicletitle registration without cause?
Arkansas Code Annotated § 27-14-701 et seq. addresses the issuance of a certificate of title and the registration of a motor vehicle. More specifically, A.C.A. § 27-14-705 governs the application for registration and certificate of title and A.C.A. § 27-14-710 addresses grounds for refusing registration or issuance of certificate of title. It is my understanding from your letter and the attached documents that a certificate of title was issued for a particular vehicle, but the Office of Motor Vehicle subsequently notified your constituent that the certificate of title was erroneously issued.
Arkansas Code Annotated § 27-14-308 provides in part:
 The office [Office of Motor Vehicle] is authorized to suspend or revoke the registration of a vehicle or a certificate of title, registration certificate, or registration plate, or any nonresident or other permit in any of the following events:
 (1) When the office is satisfied that the registration or that the certificate, plate, or permit was fraudulently or erroneously issued[.]
Consequently, the Office of Motor Vehicle has express statutory authority to revoke a certificate of title when the office is satisfied that the certificate was erroneously issued.
With regard to your questions concerning "due process" rights, both the Fourteenth Amendment to the Constitution of the United States and article 2, section 8 of the Constitution of Arkansas provide that no person shall be deprived of life, liberty, or property without due process of law.Pursley v. State, 302 Ark. 471, 791 S.W.2d 359 (1990). It has been stated that relevant constitutional restraints limit state power to terminate an entitlement whether the entitlement is denominated a "right" or a "privilege." Bell v. Burson, 402 U.S. 535 (1971). It has also been held that the due process clause of the Fourteenth Amendment applies to the suspension of a motorist's driver's license and vehicle registration.Id.; see also Levesque v. Rhode Island Dept. of Trans., 626 A.2d 1286
(R.I. 1993) (suspension of motorists' registrations without first offering them the opportunity of hearings is violative of their due process rights); Larkin v. Hartigan, 620 N.E.2d 598 (Ill.App.Ct. 1993) (with regard to suspension of vehicle registration, motorist's procedural due process rights were adequately protected by provisions allowing him to submit documentary evidence to determine he had liability insurance for his vehicle). In Bell, the Court stated that: "Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment." Accordingly, it is my opinion that a court would likely conclude that a certificate of title is a privilege that the state may not revoke without furnishing the holder of the license due process as required by the fourteenth amendment.
The procedural components necessary to satisfy due process requirements will, however, vary from situation to situation. See First National Bankv. Arkansas State Bank Commissioner, 301 Ark. 1, 781 S.W.2d 744 (1989). In Mathews v. Eldridge, 424 U.S. 319 (1976), the United States Supreme Court outlined three factors relevant in determining what process is constitutionally due:
 First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.
See First National Bank, supra. The question of whether the minimal due process requirements of notice and an opportunity to be heard have been complied with is a fact question that must be determined on a case-by-case basis. See Op. Att'y Gen. 95-336.
Finally, it should be stated that under the Arkansas Administrative Procedure Act (APA), codified at A.C.A. § 25-15-201 et seq., no license, which includes any agency permit or certificate, may be revoked or suspended unless the agency gives notice by mail to the licensee of facts or conduct warranting the intended action and unless the licensee is given an opportunity to show compliance with all lawful requirements for the retention of the license. See A.C.A. § 25-15-211(c); A.C.A. §25-15-202(8). Further, if the requirements of due process mandate that the Office of Motor Vehicle make its determination after notice and hearing, then the APA's administrative adjudicatory procedures are applicable. See First National Bank, supra; Arkansas State Highway Com'nv. White Adv. Int'l, 273 Ark. 364, 620 S.W.2d 280 (1981).
Question 2 — Whether a salvage certificate is subject to the purview ofA.C.A. § 27-14-2302(c)(1)?
In my opinion, the answer to this question is most likely "yes." Arkansas Code Annotated § 27-14-2302(c)(1) provides:
 An Arkansas certificate of title issued from an out-of-state certificate of title or comparable ownership document which carries a designation such as "damaged", "salvaged"," water-damaged", "reconstructed", "rebuilt", or other similar classification shall have a brand notation printed in the remarks section on its face as would be required by this subchapter to be printed on an Arkansas certificate of title issued under the provisions of either subsection (b) or subsection (e) of this section.
It is my understanding that your question specifically refers to a Texas Salvage Certificate. The sample Texas Salvage Certificate that you attached to your letter provides in part: "This Salvage Certificate is issued as a receipt verifying that title to the vehicle described herein has been canceled . . . This is to certify that the person herein named is the owner of the vehicle . . ." Section 27-14-2302(c)(1) refers to an "out-of-state certificate of title or comparable ownership document which carries a designation such as . . . `salvaged' . . . or other similar classification[.]" In my opinion, the Texas Salvage Certificate is most likely a "comparable ownership document" and it carries a designation/classification similar to "salvaged."
Question 3 — Whether branding is mandated under A.C.A. § 27-14-2302(a)when an insurance company obtains ownership of a motor vehicle title?
Arkansas Code Annotated § 27-14-2302 provides in part:
 (a) When a motor vehicle is water-damaged or sustains damage in an amount equal to or exceeding seventy percent (70%) of its average retail value, as found in the National Automobile Dealers' Association Official Price Guide, or other source approved by the Office of Motor Vehicle, the owner, or insurance company if it obtains ownership of the vehicle through transfer of title as the result of a settlement of an insurance claim, shall forward the properly endorsed certificate of title to the Office of Motor Vehicle together with a fee in the amount now or hereafter prescribed by law for the registration and issuance of a certificate of title.
 (b) Upon receipt of such title, there shall be issued a new certificate of title with the word "damaged" printed in the remarks section on the face of the title.
Where the language of a statute is plain and unambiguous, the Arkansas Supreme Court will determine legislative intent from the ordinary meaning of the language used. Mountain Home Sch. Dis. v. T.M.J. Builders,313 Ark. 661, 858 S.W.2d 74 (1993). Accordingly, it is my opinion that if a vehicle is water-damaged or sustains damage in an amount equal to or exceeding seventy percent of its average retail value, then an insurance company that obtains ownership of the vehicle is required to forward the certificate of title to the Office of Motor Vehicle for issuance of a new certificate of title with the word "damaged" printed in the remarks section of the title.
Question 5 — Whether a document name is a designation under the ArkansasCode in this matter?
It is my understanding that your question again refers to A.C.A. §27-14-2302(c)(1) and a "Texas Salvage Certificate." It is my opinion that with regard to an "out-of-state certificate of title or comparable ownership document," it is immaterial whether a designation such as "damaged" is found in the title of the document or simply printed ("branded") on the face of the document. If a designation such as "damaged" is found in the title of such an ownership document, then, in my opinion, it is in all likelihood an "ownership document which carries a designation." Please see my response to question two.
Question 6 — Whether the Texas certificate, as stated on its face, was areceipt for an unbranded Arkansas title?
The question of whether a specific Texas document constitutes a receipt for an unbranded Arkansas title will depend upon the law of Texas and a review of all relevant facts. This office cannot resolve factual issues, nor do I possess any particular expertise with regard to the law of Texas. I would therefore suggest that further inquiry into the laws of Texas be addressed to that state or to private counsel.
Question 7 — On the facts presented, which provisions ofAct 614 of 1993, i.e. disclosure — penalty, apply?
Act 614 of 1993 is now codified at A.C.A. § 27-14-2301 et seq. Arkansas Code Annotated § 27-14-2303 (Supp. 1997) sets forth certain disclosure requirements with regard to the sale of a motor vehicle which carries a title branded pursuant to A.C.A. § 27-14-2301 et seq. In addition, A.C.A. § 27-14-2304 sets forth the applicable penalties for violation of A.C.A. § 27-14-2301 et seq. Section 27-14-2304 provides in part that "any motor vehicle owner who conceals or attempts to conceal the fact that the motor vehicle has been damaged from any prospective buyer or transferee in violation of this subchapter shall be guilty of a Class A misdemeanor." I lack sufficient information to make a conclusive determination regarding whether a specific individual may be subject to these disclosure requirements or penalty provisions.
Question 8 — Whether information exchanges between Ford Motor Company andthe Department of Motor Vehicle are subject to 18 U.S.C. § 2721, seeArkansas Request for Motor Vehicle Information?
In the documents attached to your letter, it is asserted that Ford Motor Company exchanged information with the Office of Motor Vehicle. Section2721 of Title 18 of the United States Code provides in part:
 (a) In general. Except as provided in subsection (b), a State department of motor vehicles, and any officer, employee, or contractor, thereof, shall not knowingly disclose or otherwise make available to any person or entity personal information about any individual obtained by the department in connection with a motor vehicle record.
The question of whether the Office of Motor Vehicle made available personal information obtained in connection with a motor vehicle record is a question of fact. This type of factual determination is outside the scope of an Attorney General opinion. In addition, I lack the resources and the authority to issue an official opinion on all the specific federal law requirements that may be applicable to the release and use of information from motor vehicle records.
Question 10 — Whether A.C.A. § 27-14-2302(d) controls branding Arkansastitles "Damaged"?
Arkansas Code Annotated § 27-14-2302 governs the issuance of a "branded" certificate of title. The applicability of a particular provision of this statute will depend upon the particular facts and circumstances of each case.
Question 11— Whether Arkansas or Texas law controls in the matter? Texas'sole action was issuing a reassignable receipt for an Arkansas title?
In my opinion, the issuance of an Arkansas certificate of title pursuant to A.C.A. § 27-14-2302 is a matter of Arkansas law. I, however, lack sufficient information to conclusively determine whether Arkansas or Texas law controls in a particular matter. Such a determination necessarily involves factual determinations which are beyond the scope of an Attorney General opinion.
Question 12 — Whether factual repair costs are the "damages" underA.C.A. § 27-14-2302(a)?
Initially, it should be noted that A.C.A. § 27-14-2302 contemplates the issuance of a "damaged" certificate of title prior to the rebuilding or reconstruction of a vehicle. Arkansas Code Annotated § 27-14-2302(d) provides:
 (1) When any motor vehicle issued a "damaged" certificate of title, or similar branded title by another state, is rebuilt or reconstructed, the owner shall, within ten (10) working days, make application to the Office of Motor Vehicle for the registration and issuance of a new certificate of title to the motor vehicle.
 (2) The application shall be accompanied by the "damaged" certificate of title, or similar title issued by another state, . . . and a sworn statement executed by the rebuilder or restorer on a form prescribed by the Office of Motor Vehicle describing the types of repairs performed, listing all parts replaced, and including the vehicle identification number of any parts bearing such a number or a derivative thereof.
Upon receipt of the "damaged" certificate of title, or similar title issued by another state, a new certificate of title shall be issued with the words "previous damage" printed in the remarks section on the face of the title. A.C.A. § 27-14-2302(e). Thus, once a vehicle is rebuilt or reconstructed the "damaged" certificate of title is to be replaced with a "previous damage" certificate of title.
With regard to "damages" under A.C.A. § 27-14-2302(a), that provision provides for the issuance of a "damaged" certificate of title when a motor vehicle "sustains damage in an amount equal to or exceeding seventy percent (70%) of its average retail value, as found in the National Automobile Dealers' Association Official Price Guide, or other source approved by the Office of Motor Vehicle." The statute does not specify how the extent of the damage is to be determined; however, A.C.A. §27-14-2307 provides that the Director of the Department of Finance and Administration shall promulgate necessary rules and regulations for the proper enforcement and administration of A.C.A. § 27-14-2301 et seq.
Arkansas Department of Finance and Administration Regulation 1995-4, "Damaged Vehicle Title Regulation," provides in part that the owner of a motor vehicle which sustains physical damage to the extent that it is a "damaged motor vehicle" shall surrender the existing certificate of title accompanied by either (1) a completed "Declaration of Damage" reflecting the extent of damage or (2) a copy of the insuring company's total loss report, if such report has been approved by the Commissioner of Revenues for use as a substitute for the Declaration of Damage. The Declaration of Damage requires an estimate of the amount of damage and a thorough description of the nature and extent of the damage.
Pursuant to the foregoing regulation, it appears that "damages" for purposes of the issuance of a "damaged" certificate of title are based upon the estimated amount of damage from either the Declaration of Damage or the insuring company's total loss report. The interpretation given a statute by the agency charged with its execution is highly persuasive, and while it is not conclusive, it should not be overturned unless it is clearly wrong. Arkansas State Medical Board v. Bolding, 324 Ark. 238,920 S.W.2d 825 (1996). I cannot say that the Department's reasonable interpretation of the statute is clearly wrong; therefore, I must conclude that a court would likely defer to the regulation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh