Cite as 2020 Ark. App. 548

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV-20-166

| | | |
|---|---|---|
| HALEY LEWIS | | **Opinion Delivered:** December 2, 2020 |
| | APPELLANT | |
| | | APPEAL FROM THE BRADLEY |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 06CV-17-115] |
| ARKANSAS DEPARTMENT OF | | |
| HUMAN SERVICES, DIVISION OF | | HONORABLE ROBERT BYNUM |
| MEDICAL SERVICES, OFFICE OF | | GIBSON, JUDGE |
| LONG TERM CARE | | |
| | APPELLEE | REBRIEFING ORDERED |

**WAYMOND M. BROWN, Judge**

Appellant Haley Lewis, a former employee at a long-term residential-care facility for mentally and physically impaired adults, petitioned for judicial review of appellee Arkansas Department of Human Services, Division of Medical Services, Office of Long Term Care's finding that she committed adult maltreatment and its subsequent listing of appellant on the Adult Maltreatment Registry. She argues that (1) the maltreatment allegations were not investigated in accordance with statutory provisions; (2) this court's decision in *Williform v. Arkansas Department of Human Services*,[1] although delivered after the administrative hearing was held in this case, should apply retrospectively; and (3) the evidence was insufficient to support a finding that appellant committed adult maltreatment. Due to deficiencies in

---

[1]2018 Ark. App. 314, 551 S.W.3d 401.

appellant's abstract, we cannot reach the merits of her arguments at this time and order rebriefing.

Arkansas Supreme Court Rule 4-2(a)(5) (2019) provides:

The appellant shall create an abstract of the material parts of all the transcripts (stenographically reported material) in the record. Information in a transcript is material if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal.

Here, appellant's less than two-page abstract is composed of just over one page of testimony from the August 22, 2017 hearing before the administrative law judge (ALJ), followed by two statements made by appellee's attorney at the September 18, 2019 circuit court proceeding. Because appellant's appeal is taken pursuant to the Administrative Procedure Act, our review is directed toward the decision of the administrative agency and not that of the circuit court.[2] The record reveals that the transcript of the August 2017 administrative proceeding consists of nearly seventy pages of testimony; yet, as noted, appellant has condensed it to roughly one page in her appellate brief. With that in mind, particularly considering that sufficiency of the evidence is challenged, we find appellant's abbreviated abstract woefully inadequate to decide the issues on appeal.

Due to appellant's failure to comply with our abstracting rules, we order appellant to file a substituted brief curing the deficiency within fifteen days from the date of entry of this order.[3] While we have noted the deficient abstract, we strongly encourage appellant's counsel to review our rules to ensure that no additional deficiencies exist, as any subsequent

---

[2] *Williform*, *supra*.

[3] Ark. Sup. Ct. R. 4-2(b)(3).

rebriefing order may result in affirmance of the order or judgment due to noncompliance with Rule 4-2.[4]

Rebriefing ordered.

KLAPPENBACH and HIXSON, JJ., agree.

*Gibson & Keith, PLLC*, by: *Paul W. Keith*, for appellant.

*Nick Windle*, Arkansas Department of Human Services, for appellee.

---

[4]*See* Ark. Sup. Ct. R. 4-2(b)(3); *see also Carter v. Cline*, 2011 Ark. 266 (per curiam).