Cite as 2021 Ark. App. 317

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CV-20-166

| | |
|---|---|
| HALEY LEWIS<br><div align="right">APPELLANT</div><br>V.<br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES, DIVISION OF<br>MEDICAL SERVICES, OFFICE OF<br>LONG TERM CARE<br><div align="right">APPELLEE</div> | **Opinion Delivered** September 1, 2021<br><br>APPEAL FROM THE BRADLEY<br>COUNTY CIRCUIT COURT<br>[NO. 06CV-17-115]<br><br>HONORABLE ROBERT BYNUM<br>GIBSON, JR., JUDGE<br><br>AFFIRMED |

**WAYMOND M. BROWN, Judge**

Appellant Haley Lewis, a former employee at a long-term residential-care facility for mentally and physically impaired adults, petitioned for judicial review of appellee Arkansas Department of Human Services, Division of Medical Services, Office of Long Term Care's finding that she committed adult maltreatment and its subsequent listing of appellant on the Adult and Long-term Care Facility Residential Maltreatment Central Registry (the Registry). She argues that (1) the maltreatment allegations were not investigated in accordance with statutory provisions; (2) this court's decision in *Williform v. Arkansas Department of Human Services*,[1] although delivered after the administrative hearing was held

---

[1]2018 Ark. App. 314, 551 S.W.3d 401.

in this case, should apply retrospectively; and (3) the evidence was insufficient to support a finding that appellant committed adult maltreatment.[2] We affirm.

On August 31, 2015, the Office of Long Term Care (OLTC) accepted a report alleging appellant, a residential-care technician employed at Southeast Arkansas Human Development Center (SEAHDC) in Warren, committed adult maltreatment of SB, an SEAHDC resident. The report was made following an incident that occurred on August 13 as a result of a fall sustained by SB. Upon conclusion of the investigation, the OLTC entered a finding of adult maltreatment against appellant.

Appellant requested an administrative hearing on the matter. On August 22, 2017, the case was presented to the Arkansas Department of Human Services Office of Appeals and Hearings Division (OAH). The written report and the OLTC hearing statement along with two videos capturing the incident were entered into evidence. The administrative law judge (ALJ) found the OLTC met its burden of proof that appellant abused SB within the meaning of the Adult and Long-Term Care Facility Resident Maltreatment Act and ordered appellant to be listed on the Registry.

On November 6, appellant petitioned the Bradley County Circuit Court for judicial review of the OAH's order. On May 16, 2018, this court announced that when an investigation of adult maltreatment did not comply with Arkansas Code Annotated section 12-12-1710,[3] which required the OLTC to "investigate all cases of suspected maltreatment

---

[2]We previously ordered rebriefing in this case due to deficiencies in appellant's abstract. *See Lewis v. Ark. Dep't of Hum. Servs.*, 2020 Ark. App. 548. The deficiencies have now been cured.

[3](Supp. 2019).

of a long-term facility resident," the alleged perpetrator could not be listed in the Registry.[4] This decision became final with the supreme court's denial of review on September 20, 2018.[5] Relying on the *Williform* decision, appellant filed a motion to dismiss.

On September 18, 2019, the circuit court heard appellant's petition for review and motion to dismiss based on the *Williform* decision. On November 22, the court entered an order denying appellant's petition. The circuit court entered an amended order on December 20 to dispose of appellant's contention that the OLTC did not conduct a thorough inspection of the incident as statutorily required. In the amended order, the court affirmed the administrative agency's determination after finding that although "[t]he Department did not conduct a thorough investigation into Lewis' conduct in conformance with 12-12-1710," appellant failed to make the argument concerning the Department's noncompliance with investigation requirements at the administrative hearing level. Consequently, the circuit court found that appellant had waived her claim that the Department failed to follow Arkansas Code Annotated section 12-12-1710. Appellant now appeals.

Review of administrative-agency decisions by both the circuit court and the appellate court is limited in scope.[6] The standard of review to be used by both the circuit court and

---

[4]*Williform v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 314, 551 S.W.3d 401.

[5]*Williform v. Ark. Dep't of Hum. Servs.*, CV-18-466 (Sept. 20, 2018).

[6]*Ark. Dep't of Hum. Servs. v. Mitchell*, 2021 Ark. App. 43, 616 S.W.3d 289.

the appellate court is whether there is substantial evidence to support the agency's findings.[7] The appellate court's review is directed toward the agency, rather than the circuit court, "because administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts to determine and analyze legal issues affecting their agencies."[8] This court

> may reverse or modify an agency decision if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions, are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the agency's statutory authority;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error or law;
>
> (5) Not supported by substantial evidence of record; or
>
> (6) Arbitrary, capricious, or characterized by abuse of discretion.[9]

Substantial evidence is valid, legal, and persuasive evidence that a reasonable mind might accept as adequate to support the agency decision.[10] The party challenging the agency decision must prove an absence of substantial evidence and must demonstrate that the proof before the administrative agency was so nearly undisputed that fair-minded persons could

---

[7]*Id.*

[8]*Id.*

[9]Ark. Code Ann. § 25–15–212(h) (Repl. 2014).

[10]*Shaw v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 322, 550 S.W.3d 925.

4

not reach its conclusion.[11]  The question is not whether the evidence would have supported a contrary finding, but whether it supports the finding that was made.[12]  This court may not substitute its judgment and discretion for that of the administrative agency.[13]  Additionally, it is the agency's prerogative whether to believe or disbelieve the testimony of any witness and decide what weight to give the evidence.[14]

Appellant contends that the OLTC failed to investigate the allegation of maltreatment as mandated by statute.  She asserts that the finding of maltreatment was made in violation of statutory provisions and was made upon unlawful procedure and should be reversed.

Arkansas Code Annotated section 12-12-1710 states the "Department of Human Services shall have jurisdiction to investigate all cases of suspected maltreatment of an endangered person or an impaired person."  The statute further provides the OLTC "shall investigate all cases of suspected maltreatment of a long-term care facility resident."[15]

Here, Kerry Gambill, an employee of SEAHDC,[16] testified, "I am the person who investigated the allegation of abuse against [appellant]."  The incident occurred at SEAHDC,

---

[11]*Id.*

[12]*Id.*

[13]*Id.*

[14]*Id.*

[15]Ark. Code Ann. § 12-12-1710(b)(2).

[16]SEAHDC is operated by DHS, specifically by the Division of Developmental Disability Services (DDS).

an intermediate-care facility for individuals with intellectual disabilities, making it a long-term-care facility within the meaning of the Adult and Long-Term Care Facility Resident Maltreatment Act.[17]  Appellant argues that as a long-term-care facility, the OLTC was required to conduct the investigation into the maltreatment allegation and could not simply rely on an in-house investigation to support the allegations.  Appellant further argues that although the investigation was conducted by DDS employees through SEAHDC, the statutory requirements were not satisfied because Arkansas Code Annotated section 12-12-1710(b)(2) unambiguously charges the OLTC with the task of investigating suspected maltreatment of long-term-care-facility residents and does not authorize DHS to delegate the OLTC's investigative duties to the long-term-care facilities.  We do not reach this argument as it was not raised at the administrative hearing and cannot be considered on appeal.[18]  "[I]t is essential to judicial review under the Arkansas Administrative Procedure[] Act that issues must be raised before the administrative agency appealed from or they will not be addressed by this court."[19]

Appellant next urges this court to apply its decision in *Williform*[20] retrospectively.  In *Williform*, this court found that "neither DHS nor OLTC conducted an investigation of this

---

[17]*See* Ark. Code Ann. § 12-12-1703(11)(E) (Supp. 2019).

[18]*See Ark. Bd. of Exam'rs in Counseling v. Carlson*, 334 Ark. 614, 976 S.W.2d 934 (1998) (holding that an administrative determination will not be set aside upon a ground not presented to the agency because to do so would deprive the agency of the opportunity to consider the matter, make its ruling, and state the reasons for its action).

[19]*Wright v. Ark. State Plant Bd.*, 311 Ark. 125, 132, 842 S.W.2d 42, 46 (1992).

[20]2018 Ark. App. 314, 551 S.W.3d 401.

case, much less the thorough investigation contemplated by the statute" where DHS and OLTC relied on the long-term care facility administrator's own investigation in determining that the abuse report was founded.[21] "Accordingly, the agency's decision was in violation of statutory provisions and was made upon unlawful procedure" warranting reversal.[22] We need not determine the retrospective application of the *Williform* decision. In *Williform*, the disciplined employee asserted the Department's noncompliance at the administrative hearing level. As noted above, here, appellant failed to do so, instead raising the argument for the first time before the circuit court. Appellant's failure to raise the procedural argument before the agency precludes appellate review of her claim that the Department failed to follow the mandates of Arkansas Code Annotated section 12-12-1710.

Appellant also argues there was insufficient evidence to support the agency's finding that she committed adult maltreatment.

Pursuant to Arkansas Code Annotated section 12-12-1703(1)(A), with regard to any long-term-care-facility resident, "abuse" is defined as

> (i) Any intentional and unnecessary physical act that inflicts pain on or causes injury to an endangered person or an impaired person, excluding court-ordered medical care or medical care requested by the patient or long-term care facility resident or a person legally authorized to make medical decisions on behalf of the patient or long-term care facility resident;
>
> (ii) Any intentional act that a reasonable person would believe subjects an endangered person or an impaired person, regardless of age, ability to comprehend, or disability, to ridicule or psychological injury in a manner likely to provoke fear or alarm, excluding necessary care and treatment provided in accordance with generally recognized professional standards of care;

---

[21]*Id*. at 10, 551 S.W.3d at 406.

[22]*Id*. at 11, 551 S.W.3d at 407.

7

(iii) Any intentional threat that a reasonable person would find credible and nonfrivolous to inflict pain on or cause injury to an endangered person or an impaired except in the course of medical treatment or for justifiable cause; or

(iv) Any willful infliction of injury, unreasonable confinement, intimidation, or punishment with resulting physical harm, pain, or mental anguish.

Appellant asserts that she was "protecting a disabled resident from attack by another resident and that is all there is to it." She argues that she was following protocol for SB, a resident with a history of aggressive behaviors. Appellant argues that SB's "Behavior Support Plan" (BSP) included separation, time out, allowing a calm-down period, and redirection to a new activity. Appellant asserts that the ALJ erroneously found that she committed abuse when she did not immediately remove SB from the floor after her fall. She argues that was part of the BSP for handling SB—SB was exhibiting aggressive behavior that required her to be separated from the other individuals.

Appellant testified that at the time of the incident, she was attempting to protect another resident, RB, from SB by getting between the two of them and embracing SB around the shoulders to stop SB from hitting RB. Appellant denied having pushed SB and testified that she had no intent to harm SB. Appellant stated she was merely trying to protect RB from SB.

When Kerry Gambill, residential service manager, interviewed appellant about the incident, appellant stated,

I saw [SB] coming across the table reaching aggressively (in a clawing manner) with both hands for [RB] (I knew if [SB] got to [RB] she would hit [RB], I ran and got between them ([SB and [RB]). [RB] is seated at the table and [SB] is standing up and coming across the table.) [SB] plopped down on the floor on her bottom.

(Some alterations in original.)

8

Following a review of the video footage, the ALJ found appellant's version of events unreliable. We agree. Having reviewed the record before us, including the video of the incident, we hold that the evidence is sufficient to support a finding that appellant's intentional use of force was excessive and unnecessary and that the resulting fall inflicted pain on SB. Accordingly, we affirm the administrative agency's finding that appellant committed adult maltreatment.

Affirmed.

KLAPPENBACH and HIXSON, JJ., agree.

*Gibson & Keith, PLLC*, by: *Paul W. Keith*, for appellant.

*Nick Windle*, Ark. Dep't of Human Services, for appellee.