George E. MARSHALL *v.* ALCOHOLIC BEVERAGE
CONTROL BOARD and Debra PARKER

CA 85-38                                    692 S.W.2d 258

Court of Appeals of Arkansas
Division I
Opinion delivered June 26, 1985

*Gibson Law Firm*, by: *John F. Gibson, Jr.*, for appellant.

*Donald R. Bennett*; and *Huey & Vittitow*, by: *Clint Huey*, for appellee and intervenor.

DONALD L. CORBIN, Judge. Appellant, George E. Marshall, applied for an off premises retail beer permit. The application was denied by appellee, Alcoholic Beverage Control Board. The Pulaski County Circuit Court affirmed appellee's decision. We affirm.

Appellant sought an off premises beer permit to be used in conjunction with a country grocery store to be located on the west side of a rural community known as Mt. Tabor within Live Oak Township. The proposed site was to be located on State Highway 138, a paved road approximately nine miles north of the city of Monticello in Drew County. At the time of appellant's application, there were four beer permit holders operating within Live Oak Township in Drew County. Two were located at Pine Hill on the east side of the Mt. Tabor community. These two permits

were held by the intervenors, Debra Parker and her husband. They operated the Pine Hill Grocery and the Pine Hill Liquor Store at the Pine Hill intersection which was about three miles from appellant's proposed permit site at Mt. Tabor.

Appellant alleges on appeal that the trial court erred in finding that appellant failed to show that the public convenience and advantage would be served by issuing him a beer permit and that the Board's decision was not founded upon substantial evidence.

The rules governing judicial review of decisions of administrative agencies are well settled and are the same for both circuit and appellate courts. This review is limited in scope and such decisions will be upheld if supported by substantial evidence and are not arbitrary, capricious or characterized by an abuse of discretion. *Carder* v. *Hemstock*, 5 Ark. App. 115, 633 S.W.2d 384 (1982); *Snyder* v. *Alcoholic Bev. Control Bd.*, 1 Ark. App. 92, 613 S.W.2d 126 (1981).

Appellant had the burden of proof to establish that the public convenience and advantage would be served by issuing him a beer permit. The Board's decision was supported by the following findings:

1.  There were statements for and against the application.

2.  Three witnesses appeared and testified before the Board, one for the application and two against.

3.  The sheriff of Drew County opposed the application.

4.  Appellant proposed a country store only in the event a beer permit was issued.

5.  No evidence was offered by appellant as to the prices charged in the area or whether the present permit holders were in fact serving those persons who sought beverage service. The evidence did not show whether the public was or was not being served.

6.  Appellant's application was for the purpose of the sale of beer only and not for a grocery store.

7.  No independent testimony by appellant or any other person was received on the issue of public convenience and

advantage.

8. A property owner across from the proposed site appeared and objected to the permit.

These findings were substantial enough to support the Board's conclusion that there was inadequate proof that the public convenience and advantage would be promoted by the issuance of the permit. Ark. Stat. Ann. § 48-301 (Supp. 1983), provides that it is the public policy of this State that the number of permits for the sale of alcoholic beverages be restricted. Appellant's proof that the public's convenience and advantage would be promoted by the issuance of a permit was sadly deficient when viewed under our standard of review. In fact, under the facts of this case, we would have been compelled to reverse the decision of the Board had it granted the permit.

Appellant's final assignment of error alleges that the trial court erred in refusing to remand the case to appellee Alcoholic Beverage Control Board for appellant to present additional material evidence. The hearing before appellee Alcoholic Beverage Control Board was held on January 18, 1984, and on February 8, 1984, appellant by letter to the Board requested the opportunity to present additional evidence to it. Appellant's letter stated that several people were unable to attend the hearing due to inclement weather who would have given evidence on the issue of public convenience and advantage as well as the opposition by the sheriff. This request was denied by the Board in its decision on February 16, 1984. On November 6, 1984, appellant filed his motion to present additional evidence with the circuit court. The reasons stated in the motion were essentially the same as those contained in appellant's prior letter to the Board. The trial court found that appellant's motion should be denied since it did not meet the full requirements of Ark. Stat. Ann. § 5-713(f) (Supp. 1983). Appellant argues on appeal that both the Board and the trial court abused their discretion in denying him the right to get another memorandum from the sheriff and to present the testimony of others who were prevented from attending the hearing on the day of the hearing.

The record reflects that a severe winter storm was in progress on the day of the hearing before the Board. The hearing was called to order and counsel for appellant was specifically

asked if he wanted a continuance to which he replied, "We would rather go ahead." Appellant's only objection articulated to the Board at the hearing concerned the Board's staff taking the sheriff's objections to the permit over the telephone. The sheriff was unable to attend due to the road conditions. It appears from the record that appellant waived his objection to the hearsay testimony of the sheriff but renewed the objection upon receiving the Board's unfavorable vote denying his application for the permit. Appellant did not object when the record was closed and it became evident that a vote was about to be taken on his application. Although the evidence taken by the Board from the sheriff by telephone was clearly hearsay and may have been in error, we believe it was harmless. Appellant failed to request another hearing or a continuance in order that he be able to cross-examine the sheriff, and as a consequence is precluded from now complaining that he was denied the rights of confrontation and cross-examination. *See, Farmer* v. *Everett, Director,* 8 Ark. App. 23, 648 S.W.2d 513 (1983).

Appellant's request to both the Board and the trial court to present additional evidence consisted of only general and con-clusory statements. Ark. Stat. Ann. § 5-713(f) provides:

> If, before the date set for hearing, application is made to the court, for leave to present additional evidence, and the court finds that the evidence is material and there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon such conditions as may be just. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.

It is clear from our reading of the above statute that the trial court may order the case remanded to the Board, upon such conditions as may be just, to hear additional evidence if the court finds that the additional evidence is material *and* there were good reasons for the failure to present it in the proceeding before the Board. Upon remand, the Board can modify its findings and decision by reason of the additional evidence and file the additional evidence and the results with the trial court for review. We

believe the trial court's sound discretion in this regard is analogous to the conditions we discussed in a Workers' Compensation case, *Mason* v. *Lauck*, 232 Ark. 891, 340 S.W.2d 575 (1960), to wit: (1) Is the new evidence relevant; (2) is it cumulative; (3) would it change the result; and (4) was the movant diligent.

The trial court should first view the application for additional evidence to determine if the party was diligent and then determine if the application merely has general or conclusory statements as to the additional evidence. The trial court in the exercise of its discretion may conduct a hearing to determine whether the additional evidence fits within the requirements of the statute utilizing the criterion found in *Mason, supra.* In any event, if the trial court finds that under the requirements of the statute additional evidence should be taken, the trial court must then remand the case to the Board for it to hear the additional evidence. The record and pleadings in the case at bar do not support a finding that the evidence was material and that there were good reasons for appellant's failure to present it to the Board and we cannot say that the trial court abused its discretion in refusing to grant appellant's motion to present additional evidence. As noted previously, the burden was upon appellant to establish that the public convenience and advantage would be served by issuing him a beer permit. The responsibility of presenting evidence to this end was upon appellant and we cannot say that he had good reason for his failure to do so. Although any evidence as to the public convenience and advantage was certainly material, appellant cannot now complain that the refusal by the court to grant his motion was error. Had appellant requested a continuance in view of the weather and the failure of his alleged witnesses to appear, it is clear that the Board would have granted one. In addition, his motion to the trial court was deficient under § 5-713(f) and we, accordingly, find no merit to this contention.

Affirmed.

CRACRAFT, C.J., and COOPER, J., agree.