DEPARTMENT OF FINANCE AND ADMINISTRATION,
Alcoholic Beverage Control Division, and
Conway Supper Club, Inc. *v.* John J. SAMUHEL;
Dwight Balch; Robert Dailey; Billy Hightower; and
Arkansas Free Will Baptist Church
dba Camp Beaver Fork, Inc.

CA 94-1058                                             909 S.W.2d 656

Court of Appeals of Arkansas
Division I
Opinion delivered November 22, 1995

*Milton Lueken*, for appellant Alcoholic Beverage Control Division.

*Charles R. Singleton*, for appellant Conway Supper Club, Inc.

*Morley Law Firm*, by: *Stephen E. Morley*, for appellees.

BRUCE T. BULLION, Special Judge. The appellant in this ABC Board case, Conway Supper Club, Inc., filed an application for a private club alcoholic beverage permit. After a hearing on November 8, 1992, the Arkansas Alcoholic Beverage Control Division Board (ABC Board) granted the application. The appellees appealed to the circuit court which remanded to the Board for additional findings. Following remand, the circuit court reversed the decision of the Board and denied the permit. From that decision, comes this appeal.

For reversal, the appellants contend that the circuit court erred in remanding to the ABC Board to take additional evidence; in permitting issues relating to the legal validity of the nonprofit corporation and property ownership to be raised for the first time on appeal; in substituting its judgment for that of the ABC Board; and in finding that the Board's decision was not supported by substantial evidence. We reverse.

■ We first address the appellants' contention that the circuit court erred in remanding to the ABC Board for the taking of additional evidence. Arkansas Code Annotated § 25-15-212(f) (Repl. 1992) permits the circuit court to order that additional evidence be taken before the agency if the court finds that the evidence is material and that there were good reasons for failure to present it in the proceeding before the agency. The appellant asserts that, because the circuit court failed to make such findings, the order of remand was erroneous. We agree.

■■ We have held that, when a party applies for leave to present additional evidence under Ark. Code Ann. § 25-15-212(f), the trial judge should first view the application for additional evidence to determine if the party was diligent; that the trial court may then in the exercise of its discretion conduct a hearing to determine if the additional evidence fits within the requirements of the statute; and that, if the trial court finds that under the requirements of the statute additional evidence should be taken, the trial court may then remand to the Board for it to hear the additional evidence. *Marshall* v. *Alcoholic Beverage Control Bd.*, 15 Ark. App. 255, 692 S.W.2d 258 (1985). However, the trial court in the case at bar failed to make the requisite findings of diligence and good reasons in its order, but instead remanded to

the Board for additional evidence to be taken concerning issues which had not been raised in the initial administrative hearing. In the absence of any finding that the statutory requisites had been satisfied, the trial court erred in remanding to the Board for additional evidence to be taken. *See Woolsey* v. *Arkansas Real Estate Comm'n*, 263 Ark. 348, 565 S.W.2d 22 (1978).

■ Given our resolution of the previous issue, the only question before us is whether the Board's initial decision granting the appellant's application is supported by substantial evidence. The rules governing judicial review of administrative decisions are the same for both the circuit and appellate courts and this review is limited in scope: administrative decisions will be upheld if supported by substantial evidence and not arbitrary, capricious, or characterized by an abuse of discretion. *Fouch* v. *Arkansas Alcoholic Beverage Control Div.*, 10 Ark. App. 139, 662 S.W.2d 181 (1983). In determining whether there is substantial evidence, we review the entire record rather than merely the evidence supporting the Board's decision. *Id.*

■■ Arkansas Code Annotated § 3-9-222(f) (1987) provides that a private club permit may be issued upon a determination that the applicant is qualified and that the application is in the public interest. The qualifications required of an applicant are set out in Ark. Code Ann. § 3-9-202(10) (1987), which defines a "private club" as:

> [A] nonprofit organization organized and existing under the laws of this state, no part of the net revenues of which shall inure directly or indirectly to the benefit of any of its members or any other individual, except for the payment of bona fide expenses of the club's operations, conducted for some common recreational, social, patriotic, political, national, benevolent, athletic, or other nonprofit object or purpose other than the consumption of alcoholic beverages. The nonprofit corporation shall have been in existence for a period of not less than one (1) year before application for a permit, as hereinafter prescribed. At the time of application for the permit, the nonprofit corporation must have not less than one hundred (100) members regularly paying annual dues of not less than five dollars ($5.00) per member, and, at the time of application, must

own or lease a building, property, or space therein for the reasonable comfort and accommodation of its members and their families and guests, and restrict the use of club facilities to such persons.

The Board found in its opinion of November 18, 1992, that the Conway Supper Club, Inc., was a legally incorporated nonprofit corporation qualified to hold a private club permit, and that it would be in the public interest to grant the application. The evidence before the Board at that hearing included testimony that the club was a nonprofit organization with approximately three hundred dues-paying members, and that a building with a small bar area and dining room would be constructed on the leased property. There was also testimony that the club proposed to operate a supper club therein for the benefit of its membership, with any excess revenues over cost being used for improvements, including a tennis court and swimming pool for the membership, and for donations to local charities. In addition, there was evidence that there were presently located in Faulkner County three organizations licensed to dispense alcohol by the drink, i.e., the Conway Country Club, the Cadron Valley Country Club, and the VFW Club, but that the appellant club's membership could not afford the cost of the first two organizations and, not having participated in a foreign war, were not qualified for membership in the third club. There was also testimony that Faulkner County was a "dry" county, a majority of its citizens having exercised their right to prohibit the sale of alcoholic beverages by the package in that county, and that the club membership was therefore required to drive either to Little Rock or to Morrilton to have dinner and mixed drinks. Finally, there was testimony that no serious law enforcement or traffic problems were to be expected if the application was granted for a private club permit at the proposed location. Although there was evidence to the contrary on this latter point, on our review of the record as a whole we cannot say that the Board erred in granting a private club permit to the appellant club. Consequently, we reverse the circuit court's decision and reinstate the Board's decision granting the permit.

Reversed.

JENNINGS, C.J., and ROGERS, J., agree.