CHILI'S OF JONESBORO, INC.; North Hills
Hillbillies, Inc. d/b/a Outback Steakhouse of
Jonesboro, Inc. *v.* STATE of Arkansas Alcohol
Beverage Control Division

CA 01-366                                         57 S.W.3d 228

Court of Appeals of Arkansas
Division II
Opinion delivered October 17, 2001

*Hilburn, Calhoon, Harper, Pruniski & Calhoon, Ltd.*, by: *Sam Hilburn* and *Traci La Cerra*, for appellant.

*Milton R. Lueken*, for appellee.

SAM BIRD, Judge. The Director of the Alcohol Beverage Control Division denied private-club permits to Chili's of Jonesboro, Inc., and Outback Steakhouse of Jonesboro, Inc., both of which wished to locate in Jonesboro. The restaurants appealed to the Alcohol Beverage Control Board where the hearings on the applications were consolidated, with the evidence relating to one of the applications relating to both. The Board denied the permits, finding that issuing the permits was not in the public interest of Jonesboro citizens because of the strong opposition to the clubs, that the restaurants would not be operated for a private-club purpose, that the intersection near the proposed site was dangerous, and that Craighead County was a dry county. On appeal to the circuit court, the Board's decision was affirmed and the restaurants now appeal, contending that the decision of the Board was not supported by substantial evidence. Because we find that the Board's decision is supported by substantial evidence, we affirm.

■ On appeal, our review is directed, not toward the circuit court, but rather toward the decision of the agency. *Arkansas State Hwy. & Transp. Dep't v. Kidder*, 326 Ark. 595, 933 S.W.2d 794 (1996). The decision of the Board should be upheld if it is supported by substantial evidence and is not arbitrary, capricious, or characterized by an abuse of discretion. *Department of Fin. & Admin. v. Samuhel*, 51 Ark. App. 76, 909 S.W.2d 656 (1995). An administrative decision should be reversed as arbitrary and capricious only when it is not supportable on any rational basis, not simply because the reviewing court would have acted differently. *McKinley v. Arkansas Dep't. of Human Servs.*, 311 Ark. 382, 844 S.W.2d 366 (1993). Determining whether the Board's decision was arbitrary or capricious involves a limited inquiry into whether it acted with willful and unreasoning disregard of the facts and circumstances of the case. *Fontana v. Gunter*, 11 Ark. App. 214, 669 S.W.2d 487 (1984).

■■ The reviewing court is to give the evidence its strongest probative force in favor of the agency's ruling. *State Police Comm'n v. Smith,* 338 Ark. 354, 994 S.W.2d 456 (1999). The question on review is not whether the evidence would have supported a contrary finding but whether it supports the finding that was made. *Fontana, supra.* The reviewing court cannot displace the Board's choice between two fairly conflicting views even though the court might have made a different choice had the matter been before it *de novo*; and the question of whether the Board's action was arbitrary or capricious is only applicable when the decision is not supported by any rational basis and is made in disregard of the facts and circumstances. *Id.* A reviewing court may not set aside a Board's decision unless it cannot conscientiously find from a review of the entire record that the evidence supporting the decision is substantial. *Id.* To establish an absence of substantial evidence it must be demonstrated that the proof before the administrative tribunal was so nearly undisputed that fair-minded persons could not reach its conclusions. *Kidder, supra.*

■ The burden is on the applicant to show that he is "qualified" to hold the permit and that issuance of the permit is "in the public interest," whereupon the Board "may" issue the permit. *Arkansas Beverage Control Bd. v. King,* 275 Ark. 308, 629 S.W.2d 288 (1982). The threshold question that must be considered by the Board is whether the private-club applicant will be "qualified"; thus, necessarily it must be determined whether the proposed club will meet the definition of a private club. In order to qualify as a private club, a nonprofit corporation must be established for a recreational, social, patriotic, political, national, benevolent, athletic, or other nonprofit purpose other than the consumption of alcoholic beverages. *See* Ark. Code Ann. § 3-9-202(10) (Repl. 1996). Bruce Attinger, a joint venturer associated with Outback, testified that the common purpose of the private-club members would be "[s]ocial eatery, I guess, enjoying food, and camaraderie." Additionally, Kim Williams, senior development manager for Brinker International, the holding company for Chili's restaurants, testified that the employees of Chili's restaurants are permitted to choose a charity that the restaurant will support in the local community, and that, statewide, Chili's restaurants serve as drop-off points for the Toys for Tots program. Bruce Attinger testified that Outback's local partner selects a local charity to support and that Outback was very involved on the national level with the Boys and Girls Club, hosting fundraising dinners.

In *King, supra,* the supreme court affirmed the denial of a private-club permit because the private club did not meet the requisite statutory purpose. The purpose of that club was described in testimony as "[a] social gathering for people to come to, to enjoy food with a drink . . ." *Id.* The Board found that "[t]he proposed club . . . would have no other purpose other than the consumption of alcoholic beverages." In *King,* the club argued that because its private-club charter recited the words of the statute as to the required purpose, the requisite purpose element of Ark. Code Ann. § 3-9-202(10) had been met. The supreme court disagreed, stating that "if we should hold that the mere compliance with the statute for the existence of the charter was sufficient to entitle the applicant to a mixed drink permit, then the Board has no discretionary powers and, therefore there is no need for the Board." *Id.*

■ In the present case, appellants are making essentially the same argument that was made by the applicant in *King.* It is appellants' contention that because the clubs would be created for the purpose of providing a social eatery, where its members could enjoy food and camaraderie, and because the clubs would be a nonprofit corporation whose employees would be civically involved through charitable donations, then the requisite purpose is met. Consistent with the supreme court's holding in *King,* we reject "social eatery, enjoying food, and camaraderie" as a private-club purpose that complies with the requirements of Ark. Code Ann. § 3-9-202(10) (Repl. 1996).

■ We reject as well the appellants' contention that its charitable contributions constitute a qualified purpose within the meaning of Ark. Code Ann. § 3-9-202(10). We note that the testimony of Kim Williams only established that the employees of Chili's restaurant would be permitted to select a local charity to which the restaurant would contribute. We further note that the testimony of Bruce Attinger only established that Outback's local partner would be permitted to select a local charity to which the restaurant would contribute. There was no testimony that the employees of Chili's or the local partner of Outback, who would be making these charitable selections, would be members of the private clubs. Although this evidence establishes that Chili's and Outback's are actively involved in local charities, it fails to establish that the private-club entities, separate and apart from the restaurants, would be engaged in any charitable activities selected by the club members.

■ The appellants argue that it is speculative to determine whether an entity could lawfully operate as a private club before

they are given the opportunity to do so and that such speculation is evidence of arbitrary and capricious action by the Board. We do not agree. To lawfully operate as a private club, the requirements of section 3-9-202(10), *inter alia*, must be met. It is neither arbitrary nor capricious for the Board to determine, before it issues a private-club permit, whether the club's operation will fulfill a lawful purpose under section 3-9-202(10).

■ The appellants further argue that the private-club portion of the businesses would not operate at a profit. Pursuant to the reasoning of *King*, the mere fact that the entities responsible for the nonprofit affairs of the restaurants have been incorporated under the non-profit laws and will not operate at a profit does not necessarily entitle the restaurants to a private-club permit. Mere compliance with the statute's mandate that a private club be a nonprofit corporation does not diminish the Board's discretion to determine whether the nonprofit entity is designed for a private-club purpose. *See King, supra.*

■ Even if the Board had concluded that appellants had satisfied the "purpose" requirements of section 3-9-202(10), there is substantial evidence to support the Board's decision to deny a private-club permit to appellant. There was evidence that the intersection of State Highways 49 and 63 near the proposed private-club site was dangerous, that there had already been thirty-eight automobile accidents at the intersection during 1999, that the intersection was confusing and drivers frequently entered upon the highway driving in the wrong direction, and that the traffic in the intersection was already congested as the result of a nearby Wal-Mart store. This is substantial evidence that supports the Board's decision to deny appellants' application for a private-club permit.

Because there was substantial evidence that the entities seeking the private-club permits were not qualified under Ark. Code Ann. § 3-9-202(10), and because the decision was not arbitrary or capricious, we affirm.

Affirmed.

GRIFFEN, J., and HAYS, Special Judge, agree.