The Honorable Lance Reynolds State Representative Post Office Box 477 Quitman, Arkansas 72131-0477
Dear Representative Reynolds:
You have asked for my opinion on the following question concerning qualification for a private club permit under the state's alcoholic beverage control laws:
 Does a nonprofit corporation, which is established for the purpose of qualifying as a private club in a dry county under Arkansas law, meet the requirements of such law when it is apparent from circumstances and relevant facts that the actual purpose, as contrasted with the ostensible purpose, is to allow a commercial, for profit restaurant open to the general public to be able to serve alcoholic beverages to its patrons?
RESPONSE
The answer to this question is heavily dependent upon the facts of the particular case and, as such, cannot be resolved in the context of an opinion of this office. I lack both the resources and the authority to act as a fact finder in issuing official Attorney General Opinions. Additionally, the responsibility of review in this regard falls on the Alcoholic Beverage Control Board.[1] The ABC Board is the administrative agency charged with determining whether an applicant meets the *Page 2 
statutory and regulatory requirements for the issuance of a private club permit, including the following definition:
 (i) `Private club' means a nonprofit corporation organized and existing under the laws of this state, no part of the net revenues of which shall inure directly or indirectly to the benefit of any of its members or any other individual, except for the payment of bona fide expenses of the club's operations, and which is conducted for some common recreational, social, patriotic, political, national, benevolent, athletic, community hospitality, professional association, entertainment, or other nonprofit object or purpose other than the consumption of alcoholic beverages.
 (ii) The nonprofit corporation shall have been in existence for a period of not less than one (1) year before applying for a permit, as prescribed in this subchapter.
 (iii) At the time of application for the permit, the nonprofit corporation must have not fewer than one hundred (100) members and at the time of application must own or lease, be the holder of a buy-sell agreement or offer and acceptance, or have an option to lease a building, property, or space therein for the reasonable comfort and accommodation of its members and their families and guests and restrict the use of club facilities to those persons.
A.C.A. § 3-9-202(10)(A) (Repl. 2008). See also ABC Rules and Regulations, Title 5, Subtitle C ("Permit Procedure").
The wording of your question suggests that the above definition is not met because there is no "nonprofit object or purpose other than the consumption of alcoholic beverages." However, this is a question of fact to be determined in each case by the ABC Board. In the event a dispute remains following the ABC Board's application of the relevant law to the particular facts at hand, resort to the judicial process may be necessary to conclusively decide the matter. In this regard, a reviewing court will give the evidence its strongest probative force in favor of the agency's ruling. Chili's ofJonesboro, Inc. v. State Alcohol Beverage Control Division,75 Ark. App. 239, 243, 57 S.W.3d 228 (2001), citing State PoliceComm'n v. Smith, 338 Ark. 354, 994 S.W.2d 456 (1999). The Board's decision *Page 3 
will be upheld if it is "supported by substantial evidence and is not arbitrary, capricious, or characterized by an abuse of discretion." Chili's of Jonesboro, Inc.,75 Ark. App. at 242, citing Department ofFin. Admin. v. Samuhel, 51 Ark. App. 76, 909 S.W.2d 656 (1995).
While the fact-intensive nature of the inquiry thus prevents me from opining in response to your question, I will note that a case currently pending before the Arkansas Court of Appeals may have some bearing on the underlying legal issue(s). SeeBarnes, et al. v. Alcohol Beverage Control Board, et al., No. CA 09-39 (Ark. App. filed Jan. 13, 2009).
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] See A.C.A. § 3-9-205(a) (Repl. 2008) (authorizing the Alcoholic Beverage Control Board to "adopt and enforce reasonable rules and regulations governing the qualifications for permits hereunder, the operation of license premises, and otherwise implementing and effectuating the provisions and purposes of this subchapter. . . .")
 *Page 1